### AYRES v. HEIRS & REP. OF SHANNON.

The circuit court has jurisdiction over a suit for the foreclosure of a mortgage, as well after the death of the mortgagor as before.

*J. D. Coalter*, counsel for plaintiff in error:

The law on which the court below founded its decision is found in art. 3, sec. 6 and 7, Rev. Code of 1835, p. 51.

It is insisted by the petitioner that this law is intended only for the direction of the administrator in the management of the estate of the deceased person, and that it is not intended to control the mortgagee in seeking his remedy. This law, in fact, gives the mortgagee no remedy; it merely provides for the sale of the equity of redemption, and the money received on such sale would of course go with the residue of the estate, and not be paid to the mortgagee at all, who would still be left to seek his remedy against the property.

It is also insisted that the law of the Revised Code of 1835, p. 409, although it does not say in express terms that the remedy thereby given to the mortgagee against his legal representatives, cannot be otherwise construed, because there are no expressions used in said law which would exclude the conclusion that the remedy did survive.

It is a principle of law, that wherever there is a contract entered into, and one of the contracting parties dies, the other contracting party shall not lose his remedy, &c.

*W. M. Campbell,* counsel for defendants in error:

The point for this court to determine is, whether, under our statutes, a mortgage can be foreclosed in the circuit court after the death of the mortgagor, or whether, as contended by defendants, the probate court has exclusive control of the matter.

By Rev. Statutes, p. 57, sec. 6 and 7, it would appear that the law intended to vest the county court with the power and discretion to determine whether or not it would be best for the estate to sell or redeem mortgaged premises; and if they should believe that it would be best to sell, to direct the sale to be made by the administrator. Reason and justice require that the real estate of minors should be preserved from sale, if practicable.

If the mortgage can be foreclosed at law, then two proceedings might be in progress at the same time, on the same mortgage, for the sale of the same land—one in the county court, and one in the circuit court. Defendants contend that the county court, under our statute, have exclusive jurisdiction of such matters. See Rev. Statutes, p. 409.

JUNE TERM, 1838.

Ayres v. Heirs & Rep. of Shannon.

EDWARDS, Judge, delivered the opinion of the court.

This was a petition filed against the heirs and representatives of George Shannon, deceased, to foreclose a mortgage of real estate lying in the county of Saint Charles. The petition sets forth the debt which the mortgage was given to secure, and sets forth the mortgage at full length, and prays that judgment may be rendered against the estate for the debt, and that the equity of redemption of the mortgaged premises may be foreclosed, and the mortgaged property sold to satisfy the amount due. A general demurrer was filed by the defendant to this petition, and was sustained by the court; and to reverse this decision, the cause is brought here by writ of error.

The circuit court sustained the demurrer, on the ground that, by the death of the mortgagor, the right to foreclose the mortgage in the circuit court was taken from the mortgagee, and that, by the law of administration, exclusive jurisdiction of this subject was given to the county court. This decision of the circuit court is the only point in the case that arises for the determination of this court.

By the first section of the act concerning mortgages, (409, Rev. Code of 1835,) it is provided that "all mort-

The circuit court has jurisdiction over a suit for the

JUNE TERM,
1838.

Ayres
v.
Heirs & Rep. of
Shannon.

foreclosure of a
mortgage, as well
after the death of
the mortgagor as
before.

gagees of real estate, and mortgagees of personal estate, where the debt secured amounts to fifty dollars or more, may file a petition in the office of the circuit court against the mortgagor, and the actual tenants or occupiers of such real estate, if any, setting forth the substance of the mortgage deed, and praying that judgment may be rendered for the debt, and that the equity of redemption shall be foreclosed, and the mortgaged property may be sold to satisfy the amount due." Section 8, provides that "if, upon the trial, it be found that any part of the mortgage money is unpaid, and that the petitioner is entitled to recover the same, the court shall render judgment for the debt, interest and costs, and shall make an order that the mortgaged property be sold, (describing it as in the mortgage,) to satisfy the amount found due, with interest thereon until paid." There is no question, then, about the remedy during the life of the mortgagor; and the only question is, what is the remedy after his death? The statute concerning mortgages does not provide that the mortgagee shall proceed against the legal representatives of the mortgagor after his death, as he would have been authorized to proceed during his life; yet the general principle of law is, that wherever a contract is entered into, and one of the contracting parties dies, the other contracting party shall not lose his remedy on such contract, but shall have the right to pursue his remedy against the legal representatives of the deceased contracting party. This principle applies to the case before us.

The defendant contends, however, that the county court has exclusive control over this matter. The sixth section of the third article of the law concerning administration, provides that "if any person die, having mortgaged any real estate, or pledged any personal property, or owning any equity of redemption, and shall not have devised the same, or provided for the redemption of the same, by will, the county court, upon the application of any person interested, may order the executor or administrator to redeem such estate out of the personal assets, if it would be beneficial to the estate and not injurious to the creditors." The seventh section provides, that "if such redemption would injure the estate or creditors, or there would not be assets enough to redeem such estate, after paying the debts, the court shall order all the right, title and interest of the estate to such property to be sold at public sale." These sections authorize the county court to do precisely what the mortgagor might have

done during his lifetime, and nothing more; that is, 1st, to redeem the property mortgaged; and, if that is not advisable, 2d, to sell the equity of redemption. But these rights give the county court no more power to interfere with the remedy of the mortgagee than the same rights gave to the mortgagor. The plaintiff, then, was entitled to his remedy against the legal representatives of Shannon, and the circuit court erred in sustaining the defendant's demurrer to the plaintiff's petition. The judgment of the circuit court ought therefore to be reversed, and the other judges concurring, it is reversed and remanded.