REBECCA CHAPMAN, Administratrix of Estate of W. L.
CHAPMAN, Deceased, Appellant, v. THOMAS MER-
RITT, Executor of the Last Will of WASHINGTON
MERRITT, Deceased, Respondent.

**St. Louis Court of Appeals, May 5, 1891.**

Administration: ENFORCEMENT OF CLAIMS OF VENDOR OF LAND
AGAINST ESTATE OF DECEASED VENDEE. When the vendee of land
dies, the vendor can enforce against the estate of the vendee his
claims for the unpaid purchase money, provided that he seeks
merely to participate like any other creditor in the distribution of
that estate. Revised Statutes, 1889, section 137, giving the probate
court the power to order the executor or administrator to complete
the purchase of real estate purchased by a decedent, apply only
when the purchase money is to be paid in full as a condition to the
acquisition of the title to the realty, and not where the claim for
purchase money is allowed like ordinary claims against the
estate.

*Appeal from the Greene Circuit Court.*—HON. W. D.
HUBBARD, Judge.

REVERSED AND REMANDED.

*Jas. S. Vaughan*, for appellant.

*Benj. U. Massey*, for respondent.

BIGGS, J.—This action was begun against Wash-
ington Merritt during his lifetime, and was pending at
his death. After his death it was revived against his
executor. The plaintiff filed an amended petition to
which the circuit court sustained a demurrer. The
plaintiff's counsel declining to plead further, final
judgment was entered on the demurrer, and the plain-
tiff has appealed.

The amended petition is as follows :

"The plaintiff for an amended petition states that, on the twenty-first day of June, 1887, she was appointed by the probate court of Greene county, Missouri, administratrix of the estate of said W. L. Chapman, deceased, and has since been, and now is, the administratrix of said estate ; that, subsequently to her said appointment, she presented to the probate court of said county of Greene her petition in due form for the sale of all the right, title and interest of said Chapman, deceased, in and to the following lands in said county : The south half of the northeast quarter of section 4, township 28, range 21, in which land said Chapman, deceased, owned an interest ; and that subsequently, to-wit, on the fourth day of February, 1888, at the January term of said probate court, after due notice had been given of plaintiff's application and petition for an order of sale to pay debts due by the estate of said Chapman, deceased, an order of sale of said land, and all of said deceased's interest in the same, was made for the payment of the debts due by said estate of Chapman, deceased ; that plaintiff as such administratrix caused the sale hereinafter mentioned to be duly and properly advertised in the Springfield *Leader*, a newspaper published in said county, as by law required, said notice setting forth that said sale would take place at the courthouse door in said city of Springfield, Missouri, on the tenth day of March, 1888, and that, on the tenth day of March, 1888, at the courthouse door in said county, during the sitting of the probate court of said county, the said plaintiff sold said land, and all deceased Chapman's interest in the same, at public sale to the highest bidder, and at said sale Washington Merritt, deceased, but then in full life, became the purchaser of the same at the price and sum of $625, and that subseqently, to-wit, at the next term of said court of probate following said sale, on the ninth day of April, 1888, plaintiff presented to said

court of probate a report of said sale as by law in such
cases required, which sale and report were by said
probate court approved and in all things confirmed.
And that thereupon plaintiff as such administratrix
prepared a deed to such land, and all the right, title
and interest, which said Chapman, deceased, had in and
to the same at his death, which said deed was in due
and proper form, and was acknowledged before an officer
having power to take acknowledgments of such instru-
ments, and which deed was in all respects duly executed
to said Washington Merritt as grantee, and which deed
this plaintiff immediately tendered to said Merritt, and
demanded of and from him the payment of the pur-
chase money, to-wit, said sum of $625, which sum of
money he agreed to pay and promised to pay at the time
he bid off and purchased said land, but that said Mer-
ritt refused to accept said deed and refused to pay said
purchase money as he had agreed ; that said deed was so
tendered on the thirteenth day of April, 1888, and was
again and at sundry times thereafter tendered to said
Merritt, but that he at all times refused to take said
deed or pay the said purchase price ; that said deed is
hereto attached and is marked Exhibit A, and is
brought into court and filed for the use of and for the
purpose of delivery to said Merritt, and to the said
defendant for the estate of said Washington Merritt,
or such person as is entitled to receive the same. Plain-
tiff avers that she has in all respects complied with
said order of sale, and said sale to said Merritt, and
with the contract made with him at the time he so
bought said land, has tendered him a deed therefor as
aforesaid, and has been always willing to make to him
or his legal representatives, or to such persons as under
the law may be entitled to receive the same a deed to
said premises. Plaintiff states that said defendant is
the executor of the will of said Merritt, who departed
this life after the beginning of this suit, and that this
suit has been duly revived against him as such executor.

Plaintiff again tenders to said defendant the said deed, and files the same in this court for that purpose. Plaintiff states that said Merritt at his death resided in said county, and that said administration on his estate is being had in the probate court of said county, by which court said Thomas Merritt has been appointed as such executor.

" Wherefore plaintiff prays judgment against said defendant as such executor for said sum of $625, with interest on the same at six per cent. per annum from the thirteenth day of April, A. D. 1888, and for other proper relief."

The grounds of the demurrer were that the petition stated no cause of action against the defendant, and that upon the facts stated the circuit court had no jurisdiction.

The plaintiff's theory is that she had a legal demand against Merritt for the purchase money for the land, and that upon his death the action did not abate. This contention is grounded on the general principle of law that, whenever one party to a contract dies, the other contracting party will not lose his remedy on the contract, but will have the right to pursue it against the legal representatives of the deceased contracting party. *Ayres v. Shannon*, 5 Mo. 282. Hence it is argued that, under section 190 of the Revised Statutes of 1889, the plaintiff had the right to prosecute her action against the executor for the purpose of establishing her demand by a judgment of the circuit court. Section 190 reads : " Any person having a demand against an estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, and exhibit a copy of such judgment or decree, and shall also exhibit copies of all judgments or decrees rendered in the lifetime of the deceased to the probate court, and when a claim is allowed against an estate, which is secured by

mortgage, deed of trust or other lien held by the cred-
itor, the same may be allowed as other claims, but shall
not be paid until such security held by the claimant
has been exhausted ; but if such security be not suffi-
cient to pay off and discharge the debt of such creditor,
then such creditor for the residue of his debt shall be
entitled in common with other creditors to have the
same paid out of the estate.''

On the other hand the defendant's contention is that
the action could only be revived as for a specific per-
formance of the contract ; and that, treating it as such
action, the demurrer was rightly sustained because Mer-
ritt's heirs were not made parties.   It is further insisted
that, if the original action be treated as one for the recov-
ery of the balance of purchase money under an executory
contract, then the suit was absolutely abated by the
death of Merritt, and the plaintiff must proceed, if at
all, under section 137 of the Revised Statutes of 1889,
which reads :

''If any person die, having purchased real estate,
and shall not have completed the payment, nor devised
such estate, nor provided for the payment by will, and
the completion of such payment would be beneficial to
the estate and not injurious to creditors, the executor
or administrator, by order of the court, may complete
such payment out of the assets in his hands, and such
estate shall be disposed of as other real estate.''

The defendant's argument leads logically to the
conclusion, that section 137 has so changed the general
rule of law, that an executory contract for the sale of
land cannot be enforced against the estate of a deceased
vendee to the extent of having the balance of purchase
allowed as a demand, unless the court of probate in its
judgment deems it to be to the interest of the estate to
complete the purchase.   We have not so viewed the
statute.   It seems to us that this section applies solely
to cases, where full payment is sought; that is, where
the vendor is not willing to take his chances along with

other creditors, but demands full payment of the purchase money as a condition precedent to the delivery of the deed. In such a case the reason and wisdom of the statute is very apparent. It might not be to the interest of an estate to pay in full; to exact it might result in the sale and sacrifice of other assets, or such a course might be prejudicial to other creditors; hence the legislature very wisely left it to the judgment or discretion of the probate judge to say whether such demand should be settled in full or not.

Under the defendant's construction of the statute, in all cases like we have here the probate judges would have the right by their judgments to set aside and annul such contracts, to the extent of depriving the living parties from participating in the general assets of the estate. We do not think that the law-making power had any such intention.

The defendant relies on the case of *Lake v. Meier*, 42 Mo. 389, as authority for his position. That case is very poorly reported, and it is impossible to state with certainty how the question was presented by the record. The opinion states that the demand for the balance of the purchase money for the land was allowed by the probate court, but it is not stated whether it was allowed as an ordinary claim, to be paid like other demands, or whether the allowance provided for its payment in full. We think, however, that the latter may be fairly inferred from the opinion. The court said: "If any relief or specific peformance had been demanded, according to equitable rules, it is obvious that the proceeding would have been bad, as the matter concerned the reality, and the heirs would have been necessary parties. But the respondent bases his claim on statutory provisions, and it is very clear that the statute will not warrant or support the judgment." The opinion, after quoting the section of the statute which corresponds to section 137, continues: "This contemplates something more than the mere allowance

of an account to pass the title and complete the contract. The executor or administrator *can use the assets to complete the payment by order of the court*, but, before the court can make the order, it must examine into the affairs and condition of the estate and determine whether it will be beneficial to the estate or injurious to creditors. A judicial determination of all the facts is necessary before the order can be made or the subject passed upon. There can be no pretense in the present case that any such examination was made or that there was any order in compliance with the statute."

The foregoing discussion could only apply to an allowance, which contemplated or provided for full payment out of the personal property of the estate to the exclusion of other creditors. If the demand had been allowed as an ordinary claim, without more, the question would have required entirely different treatment. We, therefore, conclude that the facts in that case must have been essentially different from this. Here, the plaintiff is merely seeking to reduce her claim to a judgment, with the view of having it classified as an ordinary demand against Merritt's estate. The facts stated in the petition certainly show a valid and binding contract of purchase, the purchase money is alleged to be unpaid, and a deed is tendered. For what reason or upon what principle of law or justice the plaintiff is to be turned out of court for failing to state a cause of action, we are unable to conjecture.

The judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.