JAMES R. LAKE, Administrator of JARED D. TYLER, Respondent, *v.* ADOLPHUS MEIER, Administrator of EDWARD VON DEM-BUSCH, Appellant.

| 42 | 389 |
| 45a | 184 |
| 42 | 389 |
| 95a | 534 |

1. *Administration — Statute, construction of.* — Section 2, chap. 122, Gen. Stat. 1865, contemplates something more than the mere allowance against the estate of the deceased of an account for the purchase money of the real estate therein mentioned, to pass the title and complete the contract. The executor or administrator can use the assets to complete the payment by order of the court; but before the court can make the order it must examine into the affairs and condition of the estate, and determine whether it will be beneficial to the estate or injurious to creditors. A judicial determination of the facts is necessary before the order can be made or the subject passed upon.

*Appeal from St. Louis Circuit Court.*

*A. M. Gardner*, for appellant.

The plaintiff in this action, by attempting to have his alleged claims allowed in the Probate Court, seeks to force the administrator to complete a purchase of real estate charged to have been made by Von Dembusch in his lifetime.

I. This is an illegal attempt on the part of respondent to obtain by a proceeding at law what could only be obtained, if at all, by proceedings in equity, or by a special order, in the form of a decree, for a specific performance of the alleged contract, with notice to all the parties in interest. (Gen. Stat. 1865, chap. 122, p. 496, § 2.) It certainly cannot be pretended that the allowance of a claim in the form of an account in the usual way is such an order as is required or was intended by the provisions of that statute.

II. If a person dies possessed of a contract for the purchase of lands before a title is made to him, his interest under such contract descends to his heirs, and does not rest in his executor or administrator. The heirs alone can complete the purchase, although at common law they might compel the administrator to pay for the same out of the personal estate. (Willard on Exec. 330, etc.; Champion v. Brown, 6 Johns. Ch. R. 398; Griffith v. Beecher, 10 Barb. 432; Aubuchon v. Levy, 29 Mo. 99; Logan v. Caldwell, 29 Mo. 373; Lane v. Thomson, 43 N. H. 320; Gladson v. Whitney, 9 Iowa, 267; Smith v. McConnell, 17 Ill. 135.)

*Cline, Jamison & Day*, for respondent.

I. The Probate Court had jurisdiction, and it was its duty to allow plaintiff's claim for the purchase money. (Gen. Stat. 1865, p. 502, § 9; Jewett v. Weaver's Adm'r, 10 Mo. 234; State to use of Smith v. Paul's Ex'r, 21 Mo. 51.)

II. Even if the deed should be defective, the court below properly allowed the claim for the purchase money; and upon the payment of the same, the legal representatives could compel the legal title to be vested in them.

WAGNER, Judge, delivered the opinion of the court.

The proceeding in this case was originally instituted in the Probate Court. It seems that in 1856 Jared D. Tyler died, and Lake, the respondent, was duly appointed his administrator; that the Probate Court made an order to sell certain real estate belonging to the estate of Tyler, and that at the sale one Edward Von Dembusch became the purchaser, and in his lifetime paid thirty dollars of the purchase money. Lake made a report of his proceedings at the next term of the court after the said sale, which report was approved and the sale confirmed. Before the deed was made out and executed and the terms of the sale complied with, and prior to the time of the approval and confirmation by the court, Dembusch, the vendee, died, and Meier, the appellant, was duly appointed his administrator. Lake executed a deed, with Dembusch or his legal representatives as grantees, and tendered the same to Meier, and then presented his account for allowance to the Probate Court, against the estate of Dembusch, for the purchase money of the land. The court allowed and classified the demand, and Meier appealed to the Circuit Court, where the judgment was affirmed, and the cause is now brought here for revision.

If any relief or specific performance had been demanded, according to equitable rules it is obvious the proceeding would have been bad, as the matter concerned the realty, and the heirs would have been necessary parties. But the respondent bases his claim on statutory provisions, and it is very clear that the statute will not warrant or support the judgment.

By Gen. Stat. chap. 122, p. 496, § 2, it is declared "that if any person die, having purchased real estate, and shall not have completed the payment, nor devised such estate, nor provided for payment by will, and the completion of such payment would be beneficial to the estate and not injurious to creditors, the executor or administrator, by order of the court, may complete such payment out of the assets in his hands, and such estate shall be disposed of as other real estate."

This section contemplates something more than the mere allowance of an account to pass the title and complete the contract. The executor or administrator can use the assets to complete the payment by order of the court; but before the court can make the order it must examine into the affairs and condition of the estate, and determine whether it will be beneficial to the estate or injurious to creditors. A judicial determination of all the facts is necessary before the order can be made or the subject passed upon. There can be no pretense in the present case that any such examination was made, or that there was any order in compliance with the statute.

The respondent wholly mistook his remedy, and the judgment of the court below was erroneous; it will therefore be reversed and the cause remanded. The other judges concur.