## D. W. Sadler *v.* J. R. Bowles *et al.*

1. Vendor and vendee: covenants independent when purchase-money payable in instalments. — In a sale of lands where the purchase-money is payable in instalments, and the vendor covenants to make title upon the payment of the last instalment, the covenants to pay and to make title are independent; and the vendor may enforce payment without any performance or tender of performance of his covenant. *McMath* v. *Johnson,* 41 Miss.; *Bowen* v. *Bailey and Wife,* 42 Miss.

Error to the Circuit Court of Lafayette county. Hon. A. M. Clayton, judge.

Action at law by plaintiff in error on the first, second, and last notes given for the purchase of lands. Plea by defendant in error, that a bond for title was given, conditioned to make title upon payment of the notes and interest, and no deed made or tendered to him. Demurrer to plea, which was overruled, and plaintiff in error declining to reply, judgment " *nil capiat* " against him. Writ of error to this court.

*Harris & Withers,* for plaintiff in error, cited *McMath* v. *Johnson,* 41 Miss.

*H. A. Barr,* for defendants in error, cited *Clopton* v. *Bolton,* 23 Miss. Rep. 79 ; *Eckford* v. *Halbert,* 30 ib. 275 ; *Walton* v. *Wilson,* 30 ib. 576 ; *Arthur* v. *Pierson,* 32 ib. 131 ; *Klyce* v. *Broyles,* 37 ib. 524: *Terry* v. *George,* 37 ib. 539 ; *Mobley* v. *Keyes,* 13 S. & M. 677 ; *Pegnes* v. *Mosby,* 7 ib. 347 ; *John-son* v. *Jackson,* 24 Miss. Rep. 498.

The case of *McMath* v. *Johnson,* 41 Miss., has no application. In that case the last note was not sued on, and the covenants

D. W. Sadler *v.* J. R. Bowles et al.

as to all the notes except the last were correctly decided as independent. Not so when all are sued on.

SHACKELFORD, C. J., delivered the opinion of the court.

This is an action of debt instituted in the Circuit Court of Lafayette county, upon three promissory notes (with a seal attached to the signature of each note) drawn by J. R. Bowles in favor of S. J. Gholson, for the sum of $1,941.33 each, dated July 1, 1861, and due and payable on the 19th of November, 1861, and on the 19th of November, 1862, and the last on the 19th of November, 1863.

The said notes were assigned by S. J. Gholson, payee, to G. W. Rathbone, and by Rathbone to plaintiff in error.

The suit was instituted against Bowles as drawer, and against Gholson and Rathbone as endorsers.

In this declaration, all the defendants pleaded the general issue, or non assumpsit.

Bowles separately filed a special plea, in which it is averred that the *notes* sued on or mentioned in the declaration were given for a tract of land, purchased of Gholson, his co-defendant, and payee in said notes (which land is described in the plea), and at the time of their execution and delivery Gholson executed to Bowles a bond for title, by which he bound himself to make to Bowles a good and valid title to said lands mentioned in the plea, upon the payment of the said notes and interest thereon, and makes profert of the said bond (although not made an exhibit to the plea, it appears in the record as "filed," and is substantially set out in the plea), and concludes with the averment that the "said Gholson has never tendered to him, the said Bowles, a deed for said lands, etc."

To this plea the plaintiff filed a demurrer, and amongst other causes assigned that the plea showed that the promise to pay the purchase-money was *independent* of the covenant to make title.

The court overruled the demurrer to Bowles' special plea, and the plaintiff declining to reply, the court rendered final judgment that the plaintiff take nothing, etc.

The case is brought into this court by writ of error, to reverse the judgment.

The first error assigned is, that the court erred in overruling the demurrer to defendant Bowles' plea, and is the only error insisted upon in the argument of counsel.

The plea of Bowles avers that the three notes mentioned in the declaration were given for the purchase-money of the land specified in the plea, and that the vendor, at the time of their execution, by a title bond covenanted to make a perfect and legal title upon the payment of *all* the said promissory *notes and interest,* having reference to the three notes set out in the declaration and the bond for title. These notes are set out plainly in the declaration and the title bond, of which profert was informally made, etc., the notes falling due in 1861, 1862, and 1863 clearly showing that the purchase-money was not to be payable at one time, but payable in instalments.

The covenants were independent, and the vendee Bowles had no right to call for a title to the land until he had paid all the notes.

That Gholson had a right to sue on the notes due in 1861 and 1862 without making a tender of title, when they respectively became due and payable, is perfectly clear.

The tender of a deed was not a condition precedent to the right of action upon all the notes, and the defendant Bowles cannot defeat the action on all the notes by putting Gholson in default for not tendering title before suit on them.

The question presented in this case has been repeatedly adjudicated by this court in the cases of *Gibson* v. *Newman*, 1 Howard, 341; *Coleman* v. *Rowe*, 5 How. 460; *Clopton* v. *Bolton*, 23 Miss. 78; *Leftwich* v. *Coleman*, and *Reeter* v. *Price*, 3 Howard; *McMath* v. *Johnson*, 41 Miss., and in the case of *Bowen* v. *Bailey and Wife*, manuscript opinion, recognizing and affirming the doctrine laid down in the preceding cases just cited.

The case under consideration we think falls clearly within the doctrine laid down in the cases of *Bowen* v. *Bailey and*

*Wife* and *McMath* v. *Johnson*, the covenants being mutual and independent.

The court erred in overruling plaintiff's demurrer to Bowles' plea. The demurrer should have been sustained, and for this error the judgment must be reversed, and the case remanded for further proceedings in accordance with this opinion.