Olmstead v. Smith.

## OLMSTEAD v. SMITH et al., Appellants.

1. **Vendor and Vendee :** ACTION FOR PRICE OF LAND : TENDER OF DEED. Where in the sale of land the promise to pay the purchase money and to make a deed are mutual and dependent covenants, the vendor, in an action to recover the purchase money, must either offer to convey or tender a deed so that the vendee on payment of the price can receive the deed as his property.

2. ———: ———: ———. But where by mutual agreement the deed is executed and acknowledged and placed in the hands of one as the agent of both parties, to be delivered on the payment of the purchase money, no formal tender of the deed is essential to enable the vendor to maintain his action for the purchase money.

3. **Practice :** IMMATERIAL VARIANCE. An immaterial variance between the pleadings and the proof will be disregarded.

4. ———: MATERIAL VARIANCE. Material variances can, under the code (R. S., sec. 5565), be taken advantage of only by affidavit, showing in what respect the party complaining has been misled.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

Olmstead v. Smith.

AFFIRMED.

*Johnson & Lucas* for appellants.

(1) The petition does not state a cause of action. (*a*) Because it asks for a judgment for purchase money of real estate and yet does not tender a deed and fails to allege that a deed had been tendered or delivered to defendants. *Scudder v. Waddingham*, 7 Mo. App. 26, and cases cited. (*b*) A deed in escrow is not delivered. 3 Washburn Real Prop., side pages 585–6 ; *Townsend v. Hawkins*, 45 Mo. 236 ; *Melton et al. v. Coffelt*, 59 Ind. 310. (*c*) The second subdivision of the answer was a good defence as against an action for the entire purchase money. (*d*) As the petition was defective, the demurrer of plaintiff to second subdivision went back and attacked it. Green & Myer Mo. Practice, sec. 927. (2) A party will not be permitted to contradict the allegations of his pleadings by testimony. *Bruce v. Sims*, 34 Mo. 246 ; *Cap. Bk. v. Armstrong*, 62 Mo. 59 ; *Nichols, Shepherd & Co. v. Larkin*, 79 Mo. 271 ; *Baldwin v. Munn*, 2 Wend. 399 ; *Oakley v. Morton*, 11 N. Y. 25. (3) Plaintiff was not entitled to a judgment for the purchase money, while he held the title ; and the deed was not tendered in the petition or on the trial. 3 Wash. R. P., 581 ; *Thompson v. Jackson*, 10 Bush. (Ky.) 424 ; *Yonge v. Gilbeau*, 3 Wall. 641 ; *Dietrich v. Franz*, 47 Mo. 85 ; *Pershing v. Canfield*, 70 Mo. 140. The verdict should have been set aside and a new trial granted. Plaintiff cannot sue for purchase money and recover as for breach of contract. *Kirkpatrick v. Downing*. 58 Mo. 32.

*Peak & Yeager* for respondent.

(1) Under the pleadings and undisputed facts of

this case, it was not necessary either to allege a formal tender in the petition or to make a formal tender at the trial. 3 Wash. R. P. 574; *Sherley v. Ayres*, 14 Ohio St. 308. (2) The deed having been executed and approved by appellants and left with said Cooper at their request and with their consent, in pursuance of said obligation, said Cooper was as much their agent as the respondent's, and no tender or delivery was necessary on the part of the respondent. See same authorities. (3) This suit being upon said obligation under seal the facts set up in the second subdivision of the answer constituted no defence and the demurrer was properly sustained. (4) If the improvements on the premises had been destroyed after May 3, 1882, the loss would have been upon the appellants. *Snyder v. Murdock*, 51 Mo. 175. (5) Under the pleadings and evidence it was fully shown that after May 3, 1882, the relation of landlord and tenant existed. *Lockwood v. H. & St. Joe Railroad*, 65 Mo. 233. (6) We do not think there was any variance between the pleadings and proofs, but even if it was conceded that there was, such variance shall not be deemed material unless it has actually misled the adverse party to his prejudice, in maintaining this defence, and the statute provides how such fact must be shown. R. S., sec. 3565.

NORTON, J.—This suit is based on the following agreement:

"Whereas, George P. Olmstead has this day sold Smith & Keating all of lot six (6) in block five (5) in Lucas place, addition to Kansas City, Missouri, for the sum of nine thousand dollars. And whereas, the said Olmstead and wife have this day duly signed and acknowledged a proper deed of conveyance. And whereas, it is mutually agreed that said deed shall not be delivered until November 1, 1882; and whereas, said nine thousand dollars is to be

paid upon the said November 1, 1882; *therefore, is it mutually agreed that said Olmstead shall have the use of said premises, rent free, until November 1, 1882.* And it is mutually agreed that the deed as aforesaid shall be delivered and placed in possession of J. A. Cooper, to be held by him for the mutual benefit of all parties; and whenever the said Smith & Keating shall pay said nine thousand dollars, upon said first day of November, 1882, said deed to be delivered to said Smith & Keating, or to be delivered at any time prior thereto, upon the joint order of said Olmstead and Smith & Keating. In the event of the death or inability of the said Cooper to act, then in said event the president of the Citizens' National Bank shall be by this article substituted in the place of said Cooper with like powers.

"In witness whereof, we have hereunto set our hands and seals, this third day of May, 1882.

"GEORGE P. OLMSTEAD,	[Seal.]

"SMITH & KEATING.	[Seal.]"

The petition sets up said contract and avers that defendants had refused to pay said sum of nine thousand dollars; that plaintiff under the contract retained possession of the premises till first day of November, 1882, when he vacated the same. The answer of defendants was, (1) a general denial and (2) that on or about the third day of May, 1882, they entered into an executory contract with plaintiff to purchase the premises on the first day of November, 1882, at nine thousand dollars, but did not execute said contract on the first of November, 1882, and the same was never executed by them or plaintiff; that about the middle of November, 1882, plaintiff informed defendants that he (plaintiff) regarded said contract as an optional one so so far as he (plaintiff) was concerned; that defendants now decline to execute said contract and abandon the same; that they have never received a deed for or taken

possession of said premises ; that plaintiff was on the third day of May, ever since has been and now is in the exclusive possession of the same.

A demurrer was interposed to the second defence set up in the answer which was sustained and this action of the court is assigned for error, it being contended, not only that the answer was sufficient, but that as the demurrer cut back to the petition the court in determining it ought to have decided that the petition did not state a cause of action, in that it did not tender a deed to defendants to the real estate sold.  As to the sufficiency of the answer we are of the opinion that it failed to set up any defence to the cause of action stated in the petition.  Neither the fact stated in the answer that the contract was executory and had not been executed, nor the fact stated that plaintiff informed defendants in November, 1832, that he regarded the contract as optional so far as he, plaintiff, was concerned, constituted any defence.  If the answer had alleged that plaintiff and defendants had subsequently to the first of November, 1882, mutually agreed that the execution of the contract should be at the option of either party, a different question would have been presented.  The mere statement by the plaintiff that he regarded the contract optional as far as he was concerned could not have the legal effect of making it so, nor could the statement or admission that the contract, though executory, had not been executed, relieve the party failing to execute it from liability growing out of such failure.

But it is insisted that the petition is fatally defective in not tendering a deed to the land sold.  When in a sale of land the promise to pay the price, and the promise to convey by deed are mutual and dependent covenants, we recognize to the fullest extent the doctrine, that in a suit brought by the vendor to recover the purchase price he must either offer to convey or tender a deed so that the vendee, on payment of the price, can lay

his hands on the deed as his. In the present case, by mutual agreement, the deed was executed and acknowledged and placed in the hand of Cooper as the agent of both parties, to be delivered on payment of the purchase money, and on such payment by the defendants their right to it would be as complete, and it would be as much in their power to obtain it, as if it had been formally tendered in the petition and brought into court. Cooper, the depositary of the deed, was as much bound to deliver the deed on performance of the condition, that is, on payment of the purchase price, as he was to withhold it until such performance. 3 Washburn Real., Prop. 304, 305. For the reasons given we are of the opinion that a cause of action was well stated in the petition.

It is further insisted that the court erred in allowing a witness to state that defendant, Smith, told plaintiff he could occupy the premises after the first day of November, 1882. This evidence was objected to on the ground of variance and as being opposed to the averment in the petition that plaintiff had vacated the premises on the first of November, 1832. In view of the fact that by the terms of the contract it was agreed that plaintiff should remain in possession of the premises, rent free, till the first of November, 1832, whereby in a certain sense his possession became the possession of defendants, the evidence that such possession might be longer continued was neither such a variance, nor contradiction of the averment of the petition as to affect the merits of the action. Besides this, it is provided by section 3565, Revised Statutes, that no variance shall be deemed to be material unless it has actually misled the adverse party to his prejudice, and that it can only be taken advantage of by affidavit, showing in what respect the party has been misled. No such affidavit was filed in the case.

It is unnecessary to notice the instruction given by the court, further than to say it embraced the theory

of the case herein stated, and those asked by defendant and refused were antagonistic to it, and, therefore, properly refused.

Perceiving no error in the record and the judgment being for the right party it is hereby affirmed. All concur.