GANTT & LEE, Appellants, v. MECHIN, Executor of WOLFINGER, Respondent.

St. Louis Court of Appeals, April 24, 1888.

VENDOR AND VENDEE—ALLOWANCE AGAINST VENDEE'S ESTATE.—One who has contracted with a testator, in his lifetime, for the sale and conveyance of land to him cannot, while the contract remains executory, have an allowance in the probate court against the estate of the vendee for the amount of the purchase money.

APPEAL from the St. Louis Circuit Court, HON. JAMES A. SEDDON, Judge.

Affirmed.

T. T. GANTT and J. F. LEE, for the appellants : Wolfinger became clothed with the equitable title to the lot, not merely for the term of three years, but in fee (subject, of course, to the condition of paying the purchase money), when he executed this deed and went into possession under it. His relation to the land was precisely what would have existed if the trustees had made a conveyance to him reserving a mortgage to themselves to secure the payment of the purchase money

at the end of three years, during which period, interest on the purchase money was made payable quarterly. "The estate from the sealing of the contract is the real property of the vendee. It descends to his heirs. It is devisable by his will." *Seton v. Slade*, 7 Vesey, 265. Nothing remains to be done by Wolfinger except the payment of the price agreed on ; and then he will be entitled to a conveyance of the legal title. The contract has been in great measure performed. Nothing remains to be done on the part of the purchaser but to pay the residue of the price agreed on. He has paid part of this price. He has been put into possession. He has held possession for three years and more, and still holds it. As has been suggested this case stands exactly as if Wolfinger were still in life. All that the plaintiffs are concerned in is the payment of the balance of the purchase money, and for this, if it be a legal demand, which can scarcely be denied, they have an adequate remedy at law. *Bottsford v. Beers*, 11 Conn. 369 ; *Noyes v. Marsh*, 123 Mass. 286 ; *Marble Company v. Ripley*, 10 Wallace, 339. All that is possibly inferable from the agreed case, by the most indulgent construction, is, that Wolfinger has the land and has not paid for it the price he covenanted to pay. He has taken possession. He still holds it. He has partly paid the price agreed, and all that plaintiffs ask is that there shall be, against Wolfinger's estate, an allowance or judgment for the remainder of that price. The vendee is considered in equity the owner of the property from the time of the contract, and it has even been held, that "if a man sold his land, taking a security for the price, he might, though refusing to convey, bring an action of debt for the money, leaving the purchaser to bring his counter-action on the case." 18 Edw. IV. 6, 11 Fulbeck 29*a*, cited at p. 645 of 1 Spence's Eq. Jur. It may be remarked that such partial performance as is here shown would entitle the purchaser to full performance of the contract to convey even if there were no agreement valid under the statute of frauds. Story's Eq. Jur., sec. 761 ;

1 Sugden on Vendors, sec. 8; *Morphott v. Jones*, 1 Swan. 172. Jurisdiction is conferred upon the probate court by section 192, Revised Statutes, 1879. Recourse to any court but that in which this suit was brought is forbidden, or, at any rate discouraged, by section 213, Revised Statutes, 1879, which declares that any plaintiff going into such other court shall do so at his own charges, and section 184, subdivision six, denounces the penalty of loss of all recourse against the general assets of the decedent as to all demands not "thus exhibited" (sec. 188) within two years from the grant of letters. A plainer grant of jurisdiction can hardly be found.

J. M. HOLMES, for the respondent: When a vendee refuses to carry out a contract of purchase the vendor has two remedies. He can either file his bill in an equity court, for a specific performance of the contract, or he can bring his action at law for damages arising from its violation. In the latter case his measure of damages is the difference between the contract price and the market value of the property. 2 Sutherland on Meas. of Dam. 192, 206; *Scudder v. Waddingham*, 7 Mo. App. 26. Again, the vendee may maintain a bill in equity for specific performance of the contract, and thereby secure a decree for the purchase money. In such a bill it goes without saying that the probate court has no jurisdiction to entertain such a bill. The heirs and devisees of the purchaser are necessary parties to such a bill. Story's Eq. Plead., secs. 160, 177, 177*a*; *Townshed v. Camperdown*, 9 Price 130; *Smith v. Hibbard*, 2 Dick. 730; *Robert v. Merchant*, 1 Hare, 547; Fry on Spec. Perf., secs. 118, 119; *Lake v. Mier*, 42 Mo. 391; *Ross v. Julian*, Mo. 209. It is obvious at a glance that none of the statutory provisions, by virtue of which the probate court is enabled to complete certain contracts for the purchase of real estate, have any bearing upon this case. They apply only to cases in which the contract has been completed by the delivery of a deed,

purchase money, or a portion thereof remaining unpaid, and the land has not been devised. In this case the contract is executory, and the land has been devised.

THOMPSON, J., delivered the opinion of the court.

The plaintiffs preferred a demand in the probate court of the city of St. Louis against the estate of John A. Wolfinger, deceased, one of the items of which was as follows: "Dr. To this sum, agreed on as per lease herewith shown, as the price of lot on Second street in block 50, payable September 1, 1887, seventeen hundred and sixty dollars ( $1,760 )."

The probate court disallowed this demand ; the plaintiffs appealed to the circuit court, where it was again disallowed, and they now appeal to this court. An agreed statement of the facts shows that the plaintiffs leased to Wolfinger in his lifetime the lot of ground described in the above item, the term beginning September 1, 1884, and ending August 31, 1887. Wolfinger covenanted to pay rent at the rate of $105.60 per annum, and to pay the taxes for the year 1885 and for each year thereafter. The lease also contained the following covenants : "And the party of the second part [ Wolfinger ] covenants that he will, during said term, or at the end thereof, purchase said demised premises at and for the sum of seventeen hundred and sixty dollars ; and parties of the first part [ these plaintiffs ] will thereupon convey the same to him in fee-simple." Wolfinger was let into possession under the lease and remained in possession at the date of his death, which took place on January 1, 1887. After his death his executor took possession of the property under an order of the probate court, and was in possession at the date of the hearing in the circuit court. Wolfinger died leaving a will by which he devised this property to Mechin, his executor, in trust for the separate use of his daughter, Margaret Steber, a married woman.

This statement of facts seems to end the inquiry without the necessity of saying much upon the question

involved. There are insuperable difficulties in the way of establishing such a claim in the probate court.

I. The plaintiffs do not tender a deed of conveyance in pursuance of the terms of the contract. They, therefore, stand in the position of seeking performance of an executory contract to purchase land, at the hands of the personal representative of the vendee, without tendering performance of the contract on their part. This cannot be done. The only authority to which we have been cited in favor of the proposition that it can be done is an old Year-Book case (Y.-B. 18 Edw. IV., pl. 6; Fulbeck, 29a. pl. 11) where it is said: "So if a man sell ten acres of land to another for ten pounds, and after he will make no assurance of the land, yet he may maintain an action of dette for the money, and the other is put to his action on the case." Unfortunately for this venerable *dictum*, which allows one party to a contract, while refusing to perform it on his part, to maintain an action at law against the other party for the non-performance of it, it is not the modern law, at least in Missouri. Modern conceptions of justice are satisfied with allowing a vendor to sue for the purchase money after he has either performed or tendered performance of the contract on his part, and not before. In this state a vendor of land cannot recover the purchase price without first tendering a deed. *Pershing v. Canfield*, 70 Mo. 140; *Olmstead v. Smith*, 87 Mo. 602, 606. Said the Supreme Court in the last case: "When, in a sale of land, the promise to pay the price, and the promise to convey by deed are mutual and dependent covenants, we recognize to the fullest extent the doctrine that, in a suit brought by the vendor to recover the purchase price, he must either offer to convey or tender a deed, so that the vendee, on payment of the price, can lay his hands on the deed as his." If, therefore, Wolfinger had been alive, the plaintiffs could not have maintained an action against him for the purchase price of the land agreed to be conveyed, without tendering to him a deed; and this principle would not be altered by the fact of his remaining in possession of

the land. The only effect of his remaining in possession would be, that upon the tender of the deed he would be estopped to refuse it on the ground of a want of goodness in the title, until he should have first surrendered the possession. *Pershing v. Canfield, supra.*

An ingenious attempt is made to argue this principle away, by suggesting that, under the contract of sale, the executor of Wolfinger has an equitable title. There are two obvious answers to this: (1) That this matter concerns land and not personal assets, and in respect of land an executor does not stand in the shoes of his testator; (2) that Wolfinger contracted for a legal, and not for an equitable title. What is an equitable title in such a case? It is the mere right to go into a court of equity and compel the vendor to make a legal title. But Wolfinger contracted for a deed in fee-simple, and not for a law suit.

II. The foregoing considerations are sufficient to dispose of the question, unless the plaintiff's position has been made better by the death of Wolfinger than it would have been if he had lived. But the contrary seems to be the case. This land has been "devised" within the meaning of section 138, Revised Statutes. This and other adjacent sections of the administration law define powers of the probate court in dealing with such a case as this, and by defining those powers, necessarily exclude by implication the possession of any other or larger powers. Section 138 reads as follows: "If any person die, having purchased real estate, and shall not have completed the payment, nor devised such estate, nor provided for the payment by will, and the completion of such payment would be beneficial to the estate and not injurious to creditors, the executor or administrator, by order of the court, may complete such payment out of the assets in his hands, and such estate shall be disposed of as other real estate." Section 139 provides: "If the court believe that, after the payment of debts, there will not be sufficient assets to pay for such real estate, the court may order the executor or administrator to sell all the right, title, and interest of

the deceased therein." By section 140, it is provided : "If such real estate has been purchased from individuals, the court may, if considered advantageous to the estate, order the same to be relinquished to such individuals on the best terms that can be agreed upon." Section 142 empowers the executor or administrator to make such relinquishment by deed.

These sections do not apply to this case, for two reasons : (1) Here the real estate has been "devised," so that this case is excluded from the terms of the statute ; (2) to use the language of our Supreme Court : "This section (Rev. Stat., sec. 138) contemplates something more than the mere allowance of an account to pass the title and complete the contract. The executor or administrator can use the assets to complete the payment by order of the court ; but before the court can make the order, it must examine into the affairs and condition of the estate, and determine whether it will be beneficial to the estate, or injurious to creditors. A judicial determination of all the facts is necessary, before the order can be made or the subject passed upon." *Lake v. Meier*, 42 Mo. 389, 391. Even if this were otherwise a case within the statute, the judgment disallowing the claim would have to be affirmed, because it is not claimed that the examination required by the statute was made, nor do the plaintiffs solicit such an examination.

It is not questioned that the probate court has no equitable jurisdiction except such as is conferred by the terms of the statute, and a portion of the argument of the appellants has been directed to the proposition that this proceeding is not in the nature of a suit in equity by a vendor against his vendee for specific performance. It seems unnecessary to consider whether such is the nature of the proceeding or not, or whether it could proceed on any theory without making Mrs. Steber and her husband parties defendant ; since the reasons already given are sufficient to dispose of the case.

Judge Rombauer concurring, the judgment of the circuit court will be affirmed.