JULIA D. STEPHENS, APPELLEE, v. CHARLES HARDING ET AL., APPELLANTS.

FILED JUNE 2, 1896.    No. 6644.

1. **Pleading.** Under our system of pleading the nature of an action is determined not alone by the prayer for relief, but also from the character of the facts alleged.

2. **Vendor and Vendee:** ACTION FOR PURCHASE PRICE: PLEADING. Petition examined, and *held* to state a cause of action for the purchase price of land under a parol agreement to convey, upon performance thereof by the plaintiff.

3. ————: PAROL AGREEMENT: RECOVERY FOR PURCHASE PRICE. The rights and liabilities of parties to a parol agreement for the conveyance of real property are not necessarily reciprocal. One who enters into possession of land under a parol promise by the owner to convey, the latter subsequently fully performing by the tender of a good and sufficient deed, may be liable in an action for the purchase price, although such possession be not of itself such part performance as would entitle him to an action for specific performance of the contract.

4. **Parties:** DEFECT: WAIVER. Objections on the ground of a defect of parties must be raised by answer or demurrer; otherwise it will be deemed to have been waived.

5. **Recovery for Purchase Price of Land.** Evidence examined, and *held* to sustain the decree appealed from.

APPEAL from the district court of Saunders county. Heard below before WHEELER, J.

The facts are stated in the opinion.

*H. Gilkeson* and *Robertson, Wigton & Whitham*, for appellants:

The petition does not state a cause of action. (*Fowler v. Sutherland*, 9 Pac. Rep. [Cal.], 674; *Baker v. Wiswell*, 17 Neb., 52; *Wood v. Thornly*, 58 Ill., 469; *Clark v. Clark*, 13 N. E. Rep. [Ill.], 555; *Miller v. Zufall*, 6 Atl. Rep. [Pa.], 350; *Story v. Black*, 1 Pac. Rep. [Mont.], 7.)

There is a vital defect of parties defendant. (22 Am. & Eng. Ency. Law, pp. 1065-1068; Fry, Specific Performance, sec. 118; *Herrington v. Hubbard*, 1 Scam. [Ill.], 569.)

The evidence fails to show such acts of part performance as will take the case out of the statute of frauds. (*Poland v. O'Connor*, 1 Neb., 50; *Morgan v. Bergen*, 3 Neb., 209; *Baker v. Wiswell*, 17 Neb., 52; *Wood v. Thornly*, 58 Ill., 465; *Wooldridge v. Hancock*, 6 S. W. Rep. [Tex.], 818.)

A contract, to be capable of part performance, must be a completed one. The terms must all be agreed upon. An incompetent agreement cannot be enforced. (Fry, Specific Performance, secs. 394, 418; *Whaley v. Bagnel*, 1 Bro. P. C. [Eng.], 345; *Hunt v. Lipp*, 30 Neb., 469; *Wallace v. Rappleye*, 103 Ill., 229.)

*M. B. Reese* and *Clark & Allen*, *contra*.

POST, C. J.

This is an appeal by the defendants herein from a decree of the district court for Saunders county. The first proposition argued on this hearing is that the petition upon which the cause was heard in the trial court fails to state a cause of action. It is therein alleged (1) that the plaintiff, on or about September 20, 1889, being the owner of a tract of land in Saunders county, which is particularly described, and a certain creamery situated thereon, entered into a verbal agreement with the defendants as partners, doing business in the name of Harding Bros.,

whereby she promised and agreed to convey to said defendants the land described, together with the creamery mentioned, and trade incident thereto, in consideration whereof the defendants promised and agreed to pay to her $765 in merchandise, being part of a stock of goods then owned by them, and to assume and pay a mortgage, then a lien upon said real estate, amounting to $700. (2.) "In pursuance of said agreement the plaintiff gave possession of said premises, creamery, and traded to the defendants and discharged and dismissed her hands operating said creamery. The defendants are still in possession of said creamery and trade. (3.) On or about December 23, 1889, the plaintiff tendered to defendants a deed of said land, duly signed and acknowledged, and demanded said goods, but the defendants refused to deliver them. The sum of $765, with interest from the 23d day of December, 1889, the value of said goods, is therefore due the plaintiff from the defendants, no part of which has been paid. The plaintiff therefore prays judgment against the defendants for $765, with interest from the 23d day of December, 1889, and costs of suit; and in case said defendants fail to pay said judgment by a day to be named by the court, that said premises may be sold, and so much of the proceeds as are required may be applied to the payment of said judgment."

It should be here observed that the only objection interposed to the petition in the district court was by a general demurrer, upon which the record discloses no ruling; but, assuming that the objection is properly made for the first time in this court, it is, we think, without merit. Under our system of pleading the nature of an action is determined not alone by the prayer for relief, but also from the character of the facts alleged. (Pomeroy, Specific Performance of Contracts, sec. 480; Kinkead, Code Pleading, sec. 66; *Sternberger v. McGovern*, 56 N. Y., 12; *Missouri Valley Land Co. v. Bushnell*, 11 Neb., 193.) Tested by the allegations of the petition, which, for the purpose of this objection, must be taken as admitted, the agree-

ment appears to have been fully executed on the part of the plaintiff, while the defendants, who went into possession by virtue of said agreement, continued to hold, presumably, thereunder, and, having accepted the fruits of the contract, they should not now be heard to say that the plaintiff is without remedy for the breach thereof by them. The cause alleged differs essentially from an action for the specific performance of said contract, which, as conceded by plaintiff's counsel, would not lie, for the reason that the goods to be delivered to her were not separated from the stock owned by defendants, and could not, therefore, be identified. Nor is it material to inquire whether there has been such a part performance of the agreement as to remove it from the operation of the statute of frauds,—in other words, to determine whether the agreement for the conveyance of the land would, under the facts alleged, be enforced at the suit of the defendants. It is sufficient that they purchased the plaintiff's property, that they remain in possession thereof under their contract, and refuse to pay the consideration agreed therefor. Viewed as an action for damage on account of the breach of a contract by defendants, the petition certainly states a cause of action, and its designation by the district court as an action for specific performance is without significance.

Regarding defendants' second proposition, viz., that the contract alleged is, in view of the evidence adduced, void under the provisions of the statute of frauds, it may be said that they are shown to have taken possession under the contract with the apparent intention of performing all the conditions thereby imposed upon them. Among other facts elicited which tend strongly to sustain the findings of the district court are the following communications addressed to a bank at Valparaiso, and refer to the creamery in question:

"WAHOO, NEB., Sept. 24, 1889.

"*R. K. Johnson, Valparaiso, Neb.*—SIR: We have rented the creamery at this point and bought the one at your

place of Mr. Stephens, and expect to ship the cream here for the present, as the Valparaiso creamery is not in a condition to be run. Will probably not try to operate at your place before next spring. The farmers will naturally want to know who we are and whether or not we are responsible. Will you kindly take the trouble to look us up so we may refer them to you?  *  *  *

"Yours truly,    HARDING BROS."

"WAHOO, NEB., Oct. 4, '89.

"*R. K. Johnson, Valparaiso*—SIR: We enclose for credit at your bank, subject to check, Omaha draft for $118.60, and shall check this out in payment of the little cream bought during the last few days of September, that we had charge of creamery.

"Yours truly,    HARDING BROS."

Defendants also drew checks against their account with the bank named, upon the margin of which was printed the following card: "Harding Bros. Valparaiso Creamery." According to the testimony of the plaintiff's husband, who conducted the transaction in her behalf, the defendants, a few days subsequent to the agreement alleged, sent a representative, Mr. Garten, to Valparaiso, with instructions to invoice the property belonging to the creamery, including cans, churns, engines, etc. On the completion of the inventory he, Garten, demanded the keys of the creamery, and being informed that the locks were broken he proceeded to nail up the doors. On November 14, 1889, defendants addressed plaintiff's husband as follows, referring to the creamery property:

"*J. R. Stephens, Valparaiso*—DEAR SIR: The following items are necessary to the perfecting of your title:

"No. 8, affidavit to show that Joel R. Stephens is the same as Joel Stephens in No. 9.

"No. 9, affidavit to show that Charles L. Pulver is the same person as Charles Pulver in No. 8.

"No. 9, quitclaim deed from Charles Pulver either to us or his grantee, J. R. Stephens.

"No. 13, quitclaim deed from wife of Charles L. Pulver.
"Yours truly,                    HARDING BROS."

On December 12, following, Mr. Stephens addressed defendants as follows:

"*Harding Bros., Wisner*—GENTLEMEN: After a great deal of trouble and vexation I have been able to obtain all the additional papers you require regarding title to creamery property. I cannot come myself on account of other business, and hereby authorize Mr. J. E. Saunders to settle with you for me, and I will accept as final any settlement that he may make.
"Yours truly,                    J. R. STEPHENS."

To which defendants replied, but without date, as follows:

"*J. R. Stephens*—SIR: Mr. Saunders presented your letter to-day. Not having heard anything from you, we concluded you had dropped the matter entirely, and we have accordingly made other arrangements. We cannot use your property.
"Yours truly,                    HARDING BROS."

It is not, as intimated, necessary to determine what acts of part performance are essential to satisfy the requirements of the statute. It may for the purpose of this discussion be assumed that the defendants could not upon the facts disclosed maintain an action for the specific performance of the contract. But of what avail is that fact to them in an action by the party who has fully performed? The plaintiff could do no more than deliver possession under the contract and make tender, as she did, of conveyances which would pass the title in fee-simple, subject to the mortgage lien. Having fully performed on her part, at the request of the defendants, she is entitled to recover for the breach of the contract, notwithstanding its subsequent repudiation by defendants.

It is next insisted that there is a defect of parties defendant, inasmuch as the representatives of George W. Harding, a member of the firm of Harding Bros., who

died since the cause of action accrued, are not joined as defendants herein. There is, however, no force in that objection, for the reason that it was not raised in the district court, either 'by answer or demurrer. Where the defect of parties does not appear upon the petition, objection on that ground must be raised by answer, otherwise it will be deemed to have been waived. (Code of Civil Procedure, sec. 96; *Maurer v. Miday*, 25 Neb., 575.)

Finally, it is contended that the plaintiff is not able to convey a complete and perfect title to the land which is the subject of the contract, for the reason that it was, prior to the date of said contract, sold for taxes and has not been redeemed; but, by the decree appealed from, credit is allowed for the amount required to redeem from the tax sale, which sufficiently answers the objection made. (Waterman, Specific Performance of Contracts, sec. 409.) The decree is right and is

AFFIRMED.