ROBERT F. KLOKE ET AL. v. AUGUST GARDELS.

| 52 | 117 |
| 55 | 440 |

FILED JUNE 15, 1897.   No. 7354.

1. **Res Judicata: LAND CONTRACTS: FORECLOSURE: DEFICIENCY JUDGMENT.** Where suit is brought to foreclose as a mortgage an executory contract for the sale of real estate, decree rendered, real estate sold, and the proceeds applied on the amount found due, then, on the hearing of an application for personal judgment for deficiency against the vendee neither party can relitigate any material issue determined by such decree.

2. ——: ——: ——: ISSUES. In such foreclosure proceeding the execution of the contract, the identity of the real estate described therein, the breach of the same, and the amount remaining due thereon, are material issues determined by the decree.

3. ——: ——: ——. When such a decree is rendered upon the default of the vendee its effect is the same as if he had personally appeared and litigated the issues tendered by the petition.

4. ——: ——: ——: DEFICIENCY JUDGMENT. Whether a district court in such foreclosure action, sitting as a court of equity, without further pleadings may render a personal judgment against the parties liable for such deficiency not decided.

5. ——: ——: ——: ——. But when a formal petition is filed in such case for a deficiency judgment, the party liable therefor files an answer to such petition, the district court then has jurisdiction; and, unless a jury be demanded, may itself try and determine the issues presented by such pleadings.

ERROR from the district court of Cuming county. Tried below before NORRIS, J. Reversed.

M. McLaughlin, for plaintiffs in error.

J. C. Crawford and C. C. McNish, contra.

RAGAN, C.

A brief statement of facts is essential to a clear understanding of the points presented and decided in this case. In the district court of Cuming county Robert F. Kloke and Otto Bauman brought suit against August Gardels, alleging in their petition that on a date named they were the owners of certain described real estate, and on said date they sold the same to Gardels for a stated sum, a certain amount of which purchase money Gardels then paid, and agreed to pay the remainder of said purchase money on the 1st day of May, 1890; that on the date of said sale, and after the making of such payment, they executed and delivered to Gardels a memorandum, or receipt, in writing, reciting the receipt of part of the purchase money for said land from Gardels, the sale of the land to him, the purchase price, when the balance of the purchase price was to be paid, and on which date possession was to be given and a conveyance of the real estate delivered to the purchaser. The petition further alleged that the plaintiffs therein had duly performed all the conditions of the contract on their part and ten-

dered Gardels a deed of conveyance for the real estate, but he had refused to accept the same and pay the balance of the purchase money, or any part thereof.   There was a prayer that Gardels be required to perform his part of the agreement, or, in case of his refusal, the real estate might be sold and the proceeds of such sale applied to the payment of the amount the court should find due the plaintiffs, and in case of a deficiency, Gardels might be decreed liable therefor.   Gardels was personally served with summons, but failed to appear and was defaulted. The court thereupon found that the plaintiffs had entered into a contract with Gardels for the sale of the land described in the petition; that Gardels had paid a part of the purchase price and promised to pay the remainder at a certain date, and that he had not made such payment; that there was due to the plaintiffs from Gardels on such contract the sum of $——, and that the title to such real estate was held by plaintiffs to secure the payment of the sum found due them.   And thereupon the court entered a decree that, in case Gardels should fail to pay the sum found due by a day stated, his interest in such real estate should be appraised, advertised, and sold by the sheriff of the county to make and raise the sum found due; and if there was not realized from the proceeds of such sale a sufficient sum to pay the amount found due by the decree, Gardels should be liable to the plaintiffs for such deficiency.   After the rendition of this decree Gardels moved the court to set it aside.   This motion the district court overruled, and Gardels perfected an appeal to this court.   The ground upon which Gardels assailed the refusal of the court to open the decree and let him in to defend was that the petition of the plaintiffs did not state a cause of action, in that the memorandum, or receipt, for the sale of the land set out in the petition did not amount to an agreement for the sale and conveyance of the land which would take it out of the statute of frauds.   This court, however, sustained the petition, and affirmed the judgment of the district court.

(See *Gardels v. Kloke*, 36 Neb., 493.) In pursuance of the decree of the district court a sale of the real estate was duly made, reported to the court, and affirmed, and the proceeds of such sale applied towards the discharge of the amount found due Kloke and others from Gardels by the decree, and there still remains a deficiency. Thereupon Kloke and others instituted a proceeding in the case in the district court for personal judgment against Gardels for the amount of such deficiency. Gardels resisted this motion upon the grounds that the real estate described in the petition of the plaintiffs filed in the district court was not the real estate which he had contracted to purchase of them, and that the district court was without jurisdiction to render a deficiency judgment in the case. The district court denied the motion of the plaintiffs below for a deficiency judgment, and to reverse this action Kloke and others have prosecuted a petition in error.

1. On the hearing of the proceeding for deficiency judgment the court permitted Gardels to offer testimony which tended to show that the real estate which he contracted to purchase of Kloke and others was not the real estate described by them in their petition in the suit brought to foreclose the real estate contract. This action of the district court was erroneous. Gardels had had his day in court as to that question. In the suit to foreclose the real estate contract the court had found and decreed that Gardels had entered into the contract with Kloke and others to purchase the identical real estate described in that decree. This decree remains in full force, and on the hearing of this proceeding for deficiency judgment neither of the parties were entitled to relitigate any material issue settled by that decree. The decree in that case finally determined that a contract existed between the parties here for the sale and purchase of the real estate described in that decree. It determined the amount Gardels promised to pay therefor and the amount due to Kloke and others from him on such contract of purchase. If this decree was wrong, Gardels' remedy was to seek, in

a proceeding brought for that purpose, a modification
or correction of the decree. In *Stover v. Tompkins*, 34
Neb., 465, a mortgagor conveyed his real estate to one
Spanogle, and the latter conveyed it to one Stark, who,
in consideration of the conveyance, assumed the payment
of the mortgage debt. In a suit to foreclose the mortgage
all these facts were alleged in the petition, and Stark
demurred thereto. The district court overruled his de-
murrer. He refused to plead further and the court
entered a decree finding the facts stated, and adjudging
that after the sale of the mortgaged premises, if there
should be a deficiency, Stark was personally liable there-
for. After the sale of the mortgaged premises, and the
confirmation thereof, the court rendered a personal judg-
ment against Stark for such deficiency and he prosecuted
error to this court to reverse that judgment. The court
held that so long as the decree remained unreversed and
unmodified Stark could not be heard in resistance of the
motion for a deficiency judgment to set up any fact in
defense thereto which existed when the original decree
was obtained, and which fact could have been pleaded as
a defense to the foreclosure action. In the case at bar
the petition filed to foreclose the real estate contract
charged that Gardels had entered into a contract with
the plaintiffs in that case to purchase the real estate
described in that petition; that he had refused to accept
a conveyance therefor and make the payment promised
and there was a certain sum due the plaintiffs therein
from Gardels on such contract of purchase. Gardels,
having been personally served with summons in the
action, had an opportunity to appear in that case and
traverse these material allegations of the petition. He
did not appear and the court found the allegations to be
true, and he cannot now in this proceeding again litigate
the issues tendered by the petition in the foreclosure
action, which issues were determined against him by
the decree rendered therein. (*Slater v. Skirving*, 51 Neb.,
108.) The effect upon Gardels of the decree rendered

against him by default is precisely the same as if he had appeared in the action and litigated the issues tendered by the petition therein. (*Northern Trust Co. v. Crystal Lake Cemetery Ass'n*, 69 N. W. Rep. [Minn.], 708.)

2. It is insisted by the defendant in error in support of the judgment of the district court that the latter was without jurisdiction to render a deficiency judgment, as the action out of which the alleged deficiency arose was one for the foreclosure of an executory contract for the sale of real estate. If the action of Kloke and others had been one at law for the recovery from Gardels of the unpaid purchase money on his contract it would never have occurred to any lawyer to question the jurisdiction of the district court. If Kloke and others had conveyed the real estate to Gardels at the time of making the executory contract and had taken back from him a formal real estate mortgage to secure the payment of the purchase money, no one would have ever successfully questioned the authority of the district court to enter a decree forclosing the mortgage and to render a personal judgment against Gardels for a deficiency, had there been one. It is probably true that an executory contract for the sale of real estate is not a mortgage within the meaning of section 847 of the Code, which confers authority upon the district courts to render a personal judgment against the parties liable therefor for the amount remaining due the mortgagee after the sale of the mortgaged premises. But there is in this state but one form of action, namely, a civil action; and the differences between actions at law and actions in equity, so far as the form of such actions is concerned, are abolished by the Code, and the district courts, both by statute and the constitution, are invested with general legal and equitable jurisdiction. The district court, then, was not without jurisdiction to render the deficiency judgment asked for in this case simply because the deficiency grew out of an executory contract for the sale of real estate which had been foreclosed as a mortgage. It may be that

Kloke and others were under the necessity of filing a petition as in a suit at law for the recovery of the deficiency which they claim to be due them. It may be that Gardels should have been given an opportunity to answer as in other actions at law; that issues should have been framed and tried to a jury; and had all this been done certainly it would not be claimed that the district court was without jurisdiction to enter a judgment for the deficiency found by such jury. Now in the case at bar, in addition to a motion for a deficiency judgment and a notice served upon Gardels to show cause why such deficiency judgment should not be rendered, it appears from the record that Kloke and others filed a formal petition reciting the proceedings to foreclose the land contract, the decree rendered therein, the sale of the premises, and the application of the proceeds to the amount found due by the decree, and the amount remaining due them after such application of the proceeds of sale, and prayed for judgment against Gardels for such deficiency. To this petition Gardels appeared and filed an answer, and then an amended answer. To this a reply was filed by Kloke and others and a trial had to the court without a jury, neither party demanding one. How, then, can it be said that the district court was without jurisdiction of the subject-matter of this proceeding for deficiency judgment? It was held by the supreme court of Kentucky in *January v. January*, 18 Am. Dec., 211, that the district court sitting in equity was invested with jurisdiction to enter a personal judgment for the amount that remained unpaid to the vendor after foreclosing an executory contract for the sale of real estate as a mortgage. We do not decide in this case whether a district court which has foreclosed an executory contract for the sale of real estate as a mortgage, and caused the premises to be sold and the proceeds applied towards the payment of the amount found due, may in that action and as a court of equity, without further pleadings, render a personal judgment against the parties liable for the

deficiency. But we do decide in this case that the district court had unquestioned jurisdiction to entertain the proceeding as instituted herein for the deficiency judgment and itself try the issues and render the judgment for deficiency without a jury, as neither party demanded one; and we further hold that in such a proceeding no material issue determined by the decree in the original action can be relitigated. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.