ETHEL M. COLSON, APPELLEE, V. ESTATE OF RALPH C. JOHNSON, APPELLANT.

FILED FEBRUARY 26, 1924.  No. 22697.

Executors and Administrators: CLAIMS FOR PURCHASE MONEY.  One who has contracted with a testator in his lifetime for the sale and conveyance of land to him cannot, while the contract remains executory, have an allowance in the county court against the estate of the vendee for the amount of the remainder of the purchase money.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE.  *Reversed, with directions.*

*Henry M. Kidder* and *Charles E. Abbott,* for appellant.

*Courtright, Sidner, Lee & Gunderson, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY, JJ., REDICK, District Judge.

REDICK, District Judge.

This is an appeal from the judgment of the district court confirming the allowance of a claim by the county court against the estate of Ralph C. Johnson.  The claim was for a balance of the purchase money under an executory contract whereby claimant sold and Ralph C. Johnson agreed to purchase certain lands in South Dakota for the sum of $48,000, payable, $10,000 cash at times stated, $8,000 by conveyance of a lot in Fremont, and $30,000 in five years, secured by mortgages in stated amounts upon the several tracts of land sold.  The conveyance of the lot was made, and $8,000 in cash paid at times to which extensions were granted by the vendor, the time for payment of the remaining $2,000 being extended by agreement to September 1, 1920.  The transaction was to be completed

by a conveyance made by the vendor and the execution
of the mortgages March 1, 1920, but the time was extended
to June 1, 1920.   Conveyance and mortgages, however,
were not executed at that time, probably because the final
cash payment had not been made, and on July 3, 1920,
Ralph C. Johnson died.   The vendee took possession of the
lands under the contract, and the administrator and heirs
still retain the same.   Legal title remains in vendor.

January 7, 1921, claimant filed her claim, and on March
26, 1921, an amended claim against the estate of Johnson
for $33,975.67, the balance of the purchase price of said
lands, stating therein that, by reason of default of Johnson
"in the terms of said contract and in executing and deliv-
ering any mortgage or mortgages in accordance therewith,
claimant has elected and now elects to declare a breach of
said contract on the part of said Ralph C. Johnson and
the estate of said Ralph C. Johnson, and to declare the
whole amount of the purchase price of said real estate now
due and payable."   Claimant also tendered deeds to be
made to whomsoever the court may decree entitled thereto
and to be delivered upon payment of the amount due. Al-
lowance of the claim was resisted by the administrator
upon grounds not necessary to set out in detail.   The claim
was allowed in full, and the question presented upon the
record is whether or not such allowance was proper.

Many questions are presented and authorities cited in
the brief of appellant, but we think they do not touch the
decisive question in the case.   The allowance of a claim
for money against an estate has the force and effect of a
judgment (*McGrew v. State Bank*, 60 Neb. 716), and such
claims are provable as decedent would be liable upon if
suit were brought during his lifetime.   It is therefore per-
tinent to inquire what would be the rights and liabilities
of the parties under the contract in question if Johnson
were alive.   The contract is unusual in two particulars,
viz.: (A)   It does not purport to be binding upon the heirs,
executors and administrators of the parties; and (B)   it
contains no provision whereby vendor, upon default, may

declare the whole amount due. Regarding (A)  we do not deem this ommission material at this time; and as to (B)  it is well settled that without a provision to that effect in the contract no power exists to declare the whole amount due upon default.  1 Cyc. 740; *Napa Valley Wine Co. v. Daubner,* 63 Minn. 112.  It will be observed at once that an action at law could not be maintained to recover the $30,000 which was to have been represented by the mortgages until the expiration of five years from March 1, 1920, which period has not as yet expired, and that claimant is attempting to that extent to secure a judgment against the estate for a sum not due.

As far as we are advised, the question has not been determined in this state, but the great weight of authority seems to be that an action will not lie at law to recover the purchase price of real estate under an executory contract of sale.  *Prichard v. Mulhall,* 127 Ia. 545; *Goodwine v. Kelley,* 33 Ind. App. 57; *Bensinger v. Erhardt,* 74 App. Div. (N. Y.) 169; *Reed v. Dougherty,* 94 Ga. 661; *Freeman v. Paulson,* 107 Minn.  64.  The contrary was held in *North Stockton Town Lot Co. v. Fischer,* 138 Cal. 100, in which there was a strong dissenting opinion in conformity to the general rule stated.  Under certain circumstances an action at law has been sustained, as for example, *Sadler v. Bowles,* 42 Miss. 414, where notes had been given separate from the contract; and in *Shenners v. Pritchard,* 104 Wis. 287, where payment was to precede the conveyance. The covenants in the contract in question were mutual and dependent, the one party to convey and the other to pay at a time fixed.  And in some cases the action, though in form at law, has been sustained as one for specific performance, the decree protecting the defendant by providing for a deposit of the deed.  *Olmstead v. Smith,* 87 Mo. 602; *Pershing v. Canfield,* 70 Mo. 140; *Shelly v. Mikkelson,* 5 N. Dak. 22. In *Stephens v. Harding,* 48 Neb. 659, the action seems to have been sustained as a suit for foreclosure.  In *Gantt & Lee v. Mechin,* 30 Mo. App. 532, it was held:  "One who has contracted with a testator, in his lifetime, for the sale

and conveyance of land to him cannot, while the contract remains executory, have an allowance in the probate court against the estate of the vendee for the amount of the purchase money." It is true that in that case there was no tender of a deed, but we think this is not material for the considerations now to be stated. It may be that in jurisdictions, as in this state, where the distinctions of form between legal and equitable actions are abolished, a court having jurisdiction of questions involving the title to land and suits for specific performance might entertain an action purely legal in form to recover the purchase money, for the reason that it had the power to protect the defendant by the delivery or deposit of a conveyance, as was done in two cases above cited; but, assuming that to be correct procedure under the conditions noted, it can have no application here, for the reason that the county court has no jurisdiction of cases involving the title to lands, nor of cases for specific performance, and is therefore, in no position to afford the defendant any protection regarding the conveyance.

The contract containing no provision that upon default the entire debt might be declared due, if suit had been brought against Johnson in his lifetime to recover the $30,-000, it could not have been maintained, as the debt was not due. *Lipp v. Horbach.* 12 Neb. 371.

In conclusion, we believe the proper rule to be, as stated in a number of cases above cited, that, where the land contract is executory and the vendee makes default, the remedies of the vendor are to rescind, specific performance, foreclose the contract as a mortgage, or bring suit for damages for the breach. Whether specific performance would lie against the heirs in the absence of a suitable provision in the contract binding them, *quære.* But in a suit to foreclose, a court of equity would have power to permit the heirs to bring up the default and complete the contract, or require them to submit to foreclosure for amount in default. At any rate, the remedy here sought is not open to her. The judgments of the district court and of the

county court are reversed, and cause remanded, with instructions to disallow the claim, without prejudice to other remedies.

REVERSED, WITH DIRECTIONS.

