RONALD W. CARMAN ET AL., APPELLEES, V. JAMES E. GIBBS, APPELLEE, ARLENE O. GIBBS, APPELLANT.

371 N.W.2d 283

Filed August 2, 1985. No. 84-474.

Vince Kirby, for appellant.

Parker, Grossart, Bahensky & Wright, for appellees Carman.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an appeal from the district court for Buffalo County where a judgment was entered for the plaintiffs-appellees, Ronald W. Carman and Grace M. Carman (hereinafter Carmans), against the defendants, James E. Gibbs and Arlene O. Gibbs (hereinafter Gibbs'), for $34,561.69. Arlene O. Gibbs appeals. We affirm.

On May 28, 1980, the Gibbs' executed and delivered to the Carmans a purchase agreement to buy a home owned by the Carmans. The purchase agreement contemplated the issuing of a deed and was accepted by the Carmans. On November 20, 1980, the parties amended the purchase agreement and

executed an "Installment Purchase Agreement" providing for delivery of the deed after the final payment under the contract.

On May 23, 1983, in a foreclosure action begun by Carmans, the Buffalo County District Court found the above facts and, further, that the Gibbs' were in default, that the entire balance had been accelerated, and that the Gibbs' owed the Carmans a total of $75,761.42 under the contract. The court found the Carmans were entitled to a foreclosure and ordered a public sale of the property if the Gibbs' did not redeem in 20 days. The Gibbs' did not redeem.

A sheriff's sale was held on August 16, 1983, and the Carmans purchased the property for $43,200. On September 14, 1983, the district court signed an order confirming the sale.

The Carmans then filed a petition in a separate action on September 20, 1983, in the district court, asking that a deficiency judgment be entered against the Gibbs' for $35,074.47. The court, on April 17, 1984, entered its order granting the Carmans judgment against the Gibbs' in the amount of $34,561.69 plus costs.

Appellant Arlene Gibbs filed a motion for new trial, which was overruled on May 17, 1984. She timely appealed. Defendant James Gibbs did not join in this appeal.

Appellant assigns two errors: (1) That the trial court erred in overruling appellant's motion to dismiss on the ground that Carmans' evidence was insufficient to support an award as a matter of law; and (2) That the court erred in granting a deficiency judgment. While couched in language more appropriate in seeking a new trial, the assignments, when considered together with the appellant's brief, do present one legal issue which we will address. It should be noted that errors encompassed in catchall assignments but not briefed, and those vaguely alluded to in the facts but not argued, will not be considered on appeal. On appeal we consider only errors which are assigned and discussed in appellant's brief. Neb. Ct. R. 9D(1)d (rev. 1983).

The appellant argues that a deficiency judgment may not be entered following a foreclosure on an installment sales contract for real estate. Since the Nebraska case of *Hendrix v. Barker*, 49 Neb. 369, 68 N.W. 531 (1896), we have recognized the right of a

vendor in an executory land contract, upon default of payment by the vendee, to foreclose on the executory land contract as if it were a mortgage. Since *Kloke v. Gardels*, 52 Neb. 117, 71 N.W. 955 (1897), we have recognized the right of a vendor to a deficiency judgment after such a foreclosure.

The appellant's argument that the Carmans' foreclosure precludes them from bringing an action for the deficiency after the sale is based on a case and an amendment to a statute, both subsequent to the *Kloke* case.

The appellant cites *Litz v. Wilson*, 208 Neb. 483, 304 N.W.2d 48 (1981), to support her argument that foreclosure is the exclusive remedy of the plaintiffs when it is chosen. She notes the language of *Litz* citing *Colson v. Estate of Johnson*, 111 Neb. 773, 776, 197 N.W. 674, 675 (1924): "[W]here the land contract is executory and the vendee makes default, the remedies of the vendor are to rescind, specific performance, foreclose the contract as a mortgage, or bring suit for damages for the breach." Appellant points out that each of the options as set out in *Colson* is in the alternative and that in the case at bar the plaintiffs have chosen foreclosure as their remedy, and thus are precluded from further action.

We first note that the quoted language in *Colson* is dicta because the case was decided on the point that plaintiff could not declare, upon defendant's default of payment, that the entire amount of the executory land contract was due, where the contract contained no provisions that the entire amount would become due on default of any payment. The foreclosure of an executory land contract together with a subsequent deficiency judgment, as allowed in *Kloke*, was not considered in the *Colson* opinion. The cases cited in *Colson* noted the right of vendors to collect damages, that is, the difference between the land contract price and the fair market value of the property at the time of the breach. This result, the courts noted, would give the vendor the benefit of his bargain without a windfall. Foreclosure followed by a deficiency judgment also gives the vendor the benefit of his bargain without a windfall. The public sale produces the fair market value of the property at the time of the sale, and the difference between that price and the contract price constitutes the "damages," or the deficiency

judgment. We think it is clear that foreclosure, as discussed in the *Colson* opinion, was not meant to eliminate the *Kloke* right of foreclosure and deficiency judgment.

Secondly, the appellant cites Neb. Rev. Stat. § 25-2139 (Reissue 1979), which, as last amended in 1933, states: "When a petition shall be filed for the satisfaction of a mortgage, the court shall have the power only to decree and compel delivery of the premises to the purchaser thereof." This 1933 amendment to the Nebraska law resulted in preventing a district court from ordering a deficiency judgment following a foreclosure in the same case. The appellant argues this amendment eliminates deficiency judgments insofar as foreclosures are concerned, but in *Federal Farm Mtg. Corporation v. Thiele*, 137 Neb. 626, 631-32, 290 N.W. 471, 474 (1940), we held:

> Sections 20-2142, 20-2144, and 20-2145, Comp. St. 1929 [now Neb. Rev. Stat. §§ 25-2140, 25-2142, and 25-2143 (Reissue 1979)], providing for the contingency of the creditor electing to sue on the note (debt) were left intact. There is no conflict, in the face of its plain language, between chapter 41, Laws 1933, and other provisions of the law with regard to actions at law before, during or subsequent to foreclosure under authority of the court. Abolishment of actions at law on debts secured by mortgages is not included in chapter 41, Laws 1933. If the legislature contemplated abolishment of such actions, it could have amended the statutory provisions thereof, instead of leaving them intact.

We have consistently recognized the right to bring an action at law for a deficiency following a foreclosure of a mortgage. Section 25-2139 only operates to separate the deficiency action from the foreclosure action, and requires a separate action be brought at law to collect a deficiency after foreclosure. It should be noted that a contrary position holding that a deficiency judgment could not follow a foreclosure under § 25-2139 as amended was taken by Judge Johnsen in his dissent in *Federal Farm Mtg. Corporation v. Claussen,* 138 Neb. 518, 293 N.W. 424 (1940). The position of his dissent, however, was not adopted by the majority of the court, nor was

the position ever adopted by subsequent Legislatures.

Since foreclosures under executory land contracts have been consistently treated in the same fashion as foreclosures of real estate mortgages, we see no reason to treat a deficiency under either type of foreclosure in a different manner. The contract in an installment sales action, like the note which supports a mortgage, can support an action at law. The trial court was correct in granting a deficiency judgment.

AFFIRMED.