LOU A. IZARD ET AL., APPELLEES, V. MICHAEL M. KIMMEL ET AL., APPELLANTS.

[FILED MARCH 27, 1889.]

1. Contract: CONDITION PRECEDENT: WAIVER. A party may waive a condition precedent to the performance of a contract, after default; in which case he cannot insist upon the forfeiture provided for in the contract as the result of such non-performance.

2. ———: ———: ———: SPECIFIC PERFORMANCE. A purchased of B certain real estate, of which A took possession and agreed to pay the purchase price at stated periods, and to construct a building on the real estate purchased. By the terms of the contract, which was in writing, if the payments were not made at the time agreed upon, nor the building constructed, as required by the written contract, A should forfeit all right to the property, and B could take possession thereof the same as if no contract had existed. In an action by A for a specific performance of the contract, wherein it appeared that A had not complied with the agreement as to time of payment, but there was sufficient evidence before the district court to sustain a finding that by a mutual verbal agreement made during the existence of the written contract, the time for payment was extended, and A was to pay the whole purchase price instead of the partial payments named in the contract, and that he had made a tender of the purchase money within the time to which the payment had been extended, it was *held*, that he was entitled to a specific performance of the contract.

3. ———: ———: ———: CONVEYANCE TO THIRD PARTY. In such case where B sold the real estate to C, after A had taken possession, A being in possession at the time of the sale, C was charged with notice of A's rights; and a conveyance to him after A's tender of the purchase price, in accordance with the new contract, was held invalid as against A.

4. **Contract:** PERFORMANCE: CONSIDERATION. The time of performance of a contract in writing may be extended by a subsequent parol agreement, and no new consideration is necessary, especially where there are mutual acts to be performed by the parties.

APPEAL from the district court of Lancaster county. Heard below before CHAPMAN, J.

*Sawyer & Snell,* for appellant, cited: *Bacon v. Cobb,* 45 Ill. 47; Field's Briefs, vol. 5, sec. 407; 1 Pom. Eq. Jur., sec. 455; *Grigg v. Landis,* 4 C. E. Green, 350; *Grey v. Tubbs,* 43 Cal. 362; Fry on Specific Performance, sec. 711, and on page 415, note; *Rogers v. Saunders,* 16 Me. 99; Waterman, Specific Per. Cont. 596, 597, sec. 436; *Mott v: Richtmyer,* 57 N. Y. 50; *Singer Co. v. Forsythe,* 108 Ind. 334; 9 N. E. Rep. 372; *Carr, Adm'r, v. Hays,* 25 Cent. L. J. 32; Fry, Specific Per. 406, note 7.

*R. D. Stearns,* and *J. B. Strode,* for appellees, cited: *North v. Kizer et al.,* 72 Ill. 172; *Bishop v. Busse et al.,* 69 Ill. 403; *Wheeler v. Knaggs,* 8 Ohio, 173; *Robinson v. Cheney,* 17 Neb. 673; *Post v. Garrow,* 18 Neb. 683; *Dickenson v. State,* 20 Neb. 81.

REESE, CH. J.

This action was commenced in the district court of Lancaster county, for the specific performance of a contract for the sale of real estate. As was alleged in the petition and shown by the proofs, the contract was in writing, dated the 13th day of September, 1886, and after its execution, and while plaintiff, as purchaser, was in possession of the

real estate, defendants Kimmel and Van Duyn sold the same to defendant Scott, who is made a party to the action. The prayer of the petition is for a decree setting aside the conveyance to him, and for the enforcement of the contract between plaintiff and defendants Kimmel and Van Duyn.

The cause was tried to the district court, the trial resulting in a decree in favor of plaintiffs, from which defendants appeal.

The written contract, executed on the 13th day of September, 1886, is as follows:

"This contract made and entered into this 13th day of September, A. D. 1886, between Michael M. Kimmel and Charles R. Van Duyn, parties of the first part, and Lou A. Izard and Charles H. Izard, parties of the second part, WITNESSETH:

"That the said parties of the first part have this day sold to said parties of the second part, lot No. twenty-four, (24,) in Kimmel and Van Duyn's subdivision of lot No. four (4) of J. G. Miller's subdivision of the west half of the northeast quarter and part of the east half of the northwest quarter, of section number twenty-four (24) in township number ten, (10,) of range number six (6) east, 6th P. M., as the same appears of record on the recorded plat as part of city of Lincoln, in Lancaster county, Nebraska, for and in consideration of the sum of four hundred and five dollars, as follows, to wit: one hundred and five dollars to be paid at the end of three months, with interest at the rate of eight (8) per cent per year. It is also understood by and between the parties hereto that as a part of the consideration herein from parties of the second part to parties of the first part, that said parties of the second part are to build a dwelling-house to cost and be worth at least five hundred dollars, upon lot No. (24) of Kimmel and Van Duyn's subdivision as herein described, and to have the same completed at end of the three months, the time herein specified for the payment of the one hundred and five dollars; that if the

said parties of the second part fail to comply with this part of the contract, either to make the payment of $105.00 when the same becomes due as herein specified, or fail to have the said $500.00 house fully completed as herein specified, then the said parties of the second part, as a failure for their compliance with this contract, agree to waive all rights and claims they have under and by virtue of this contract, and that said lot No. 24 herein described shall revert to said parties of the first part free of all incumbrances and claims of right of said second party entirely, and that said first parties may take possession as fully and completely as if this contract had never been made.

"It is further understood between the parties hereto that at the end of the three months, if the said second parties have complied with the conditions of this contract providing for the payment of the said $105.00 and the erecting of said $500.00 building, then the said parties of the first part agree to convey said lot No. 24 of Kimmel and Van Duyn's subdivision, as hereinbefore described, to said second parties by a good and sufficient warranty deed, and the said second parties agree to execute to the first parties a mortgage deed securing the deferred payments of three hundred dollars; said deferred payments to be evidenced by two notes, one for $150.00, due in one year, drawing interest at 8 per cent per annum from the date of this contract, and the other payment of $150.00, due in two years, drawing interest at 8 per cent per annum from the date of this contract.

"In witness whereof the said parties have hereunto set their hands the day and year last above written.

"MICHAEL M. KIMMEL.
"CHARLES R. VAN DUYN.
"MRS. LOU. A. IZARD."

It appears from the evidence that the real estate in question, with other property, was placed in the hands of Squire C. Blazier, for sale, the price being $450.00, terms of sale

as follows: "One-third cash; balance one and two years; interest 8 per cent. Five per cent off for cash; 5 per cent for building."

Plaintiff is the daughter of Blazier, and there is sufficient evidence to sustain a finding by the district court that Blazier, to induce plaintiff to purchase the lot, offered to allow her the benefit of his commission for making the sale, which was $22.50, which, with the five per cent to be deducted for building, was deducted prior to the execution of the written contract, which left $405.00 as the purchase price to be paid to defendants, and that after making the deduction, the contract was prepared fixing the price at the said sum of $405.00.

In our view of the case, this is not a material consideration, although plaintiff sought to prove by this evidence the payment of $45 on the purchase price.

There is no doubt but that the possession of the property was surrendered to plaintiff; and this, in connection with the fact of the agreement being in writing, signed by the party to be charged, would be sufficient to create a valid contract.

Soon after plaintiff took possession of the property, she commenced the construction of a dwelling-house thereon, which when completed was worth something over $500; at least such was the testimony of some of the witnesses for plaintiff, the construction of the house being conceded by all parties.

Upon the trial, defendant sought to prove that the material and labor entering into the construction of the house had not been paid for, and that mechanics' liens had been filed thereon to the extent of nearly or quite the value of the house. This was held by the district court to be immaterial, and the evidence in the main excluded. In this holding we think the district court was correct. The purchase price having been tendered before the commencement of the action, it would therefore be a matter of no importance to defend-

ants whether the improvements had been paid for or not, as they would not be required to warrant against the same; and if the full purchase price was paid, they could not lose anything by the incumbrances placed upon the property by plaintiff.

Plaintiff and her witnesses testified that upon the expiration of the three months within which the first payment was to be made, she notified defendants that it would be impossible for her to make the payment upon its maturity and requested further time, which was granted, and that a new arrangement was made by which it was agreed that plaintiff was to pay the whole of the purchase price, less the sum of $15, which was to be deducted on account of the payment in cash, the deed to be executed by defendants in accordance with the agreement. It was also claimed by them that they were informed by defendants that the time for payment would be extended until the 20th of January or the 1st of February, 1887, and that defendant had told plaintiff that they "need not be in any particular hurry about the payment," saying for her to take her time; that the middle of January or the 1st of February would answer. Prior to the 20th of February, defendant sold the property to Scott, who had at least constructive notice, by the possession of plaintiffs, of their rights. On the 17th day of January the purchase price, as alleged to have been agreed upon, to wit, $390, was tendered to defendants and a deed demanded, which was refused. At that time the contract had been made with Scott, but the deed of conveyance had not been delivered to him. Soon thereafter the suit was instituted.

Strictly speaking, no legal tender of the purchase price was made. As defendant notified the party making the tender that they would not receive the money if tendered, in gold or other legal-tender money, a strict compliance with the law of tender was therefore waived.

It is insisted that by the terms of the written agreement,

time was made of the essence of the contract, and that by
the failure of plaintiffs to comply strictly with its terms,
they forfeited all claims thereunder, and cannot now en-
force it.   This would be true, perhaps, were it not for the
proof submitted to the district court tending to establish a
waiver of the forfeiture by defendants.   If the testimony
of plaintiff's witnesses on this part of the case was cor-
rect, (and of this the district court was the judge, the evi-
dence being conflicting,) the forfeiture was waived, and could
not now be insisted upon. (*Thayer v. Mining Company,* 105
Illinois, 540; *North v. Kizer,* 72 Id. 172; Waterman on
Specific Performance, Sec. 449.)

The time of the performance of a contract in writing
may be extended by a subsequent parol agreement, and such
extension will necessarily waive the right of the vendor to
terminate the contract.

But it is insisted that this waiver or new contract was
without consideration and therefore not binding.   We
think that no new consideration was necessary, since it
would be merely a change of the existing contract, there
being mutual acts to be performed by the parties under the
new arrangement. (*North v. Kizer,* 72 Ills. 172; *Bishop
v. Busse,* 69 Id. 403.)   A state of facts was testified to by
defendants, which, if true, might relieve them from a com-
pliance with the contract as it originally stood, or even af-
ter its modification; but this was contradicted by plaintiffs
in direct terms, and with the finding of the district court
upon that part of the case we must be content.

It is said by defendants in their brief that a deed was
taken by defendant to the clerk of the district court, on the
day on which this appeal was taken, and that no money
was in his hands to pay defendants according to the order
of the district court, and it is suggested that defendants are
entitled to some protection in their property rights.   This
is evidently true; and since the decree of the district court
was "that upon payment of $390 being made by said plaint-

iff to said defendants, Kimmel and Van Duyn, that the said Kimmel and Van Duyn convey the premises" to plaintiff, or in default of such deed being made, "upon payment of the said sum of $390 into court for the use and benefit of said Kimmel and Van Duyn, this judgment have the operation and effect of said deed;" defendants could not complain, for the reason that they would not be required to make the deed until after the payment of the money. Their rights in that behalf were therefore protected.

The decree of the district court must be affirmed, in so far as it vacates the deed to Scott, upon the plaintiff's complying with the decree. And as to defendants, the decree will be modified to the extent of fixing the time within which the payment must be made. A decree will be entered in this court in favor of plaintiffs and against defendants, and requiring defendants, upon the payment of the said sum of $390 to the clerk of this court within sixty days from the time of filing this opinion, to execute the conveyance, or in default thereof this decree will have the operation and effect of said deed. In case default be made in the payment of said $390 within said sixty days, the cause will be dismissed at plaintiff's costs; the costs in this court to be divided equally between the parties.

JUDGMENT ACCORDINGLY.

THE other Judges concur.