J. L. MOORE, TRUSTEE, APPELLEE, V. JAMES B. KIME
ET AL., APPELLANTS, IMPLEADED WITH ALEX-
ANDER STEWART ET AL., APPELLEES.

FILED JANUARY 16, 1895. No. 5430.

1. **Pleading: JUDGMENTS.** Where a defendant files no pleading except a demurrer to the petition on the ground that it does not state a cause of action, other defendants answering and present-ing issues, a decree reciting that the case was heard on the plead-ings and evidence, then finding the facts as alleged in the peti-

tion and granting to plaintiff the relief prayed, will be treated as an order overruling the demurrer and entering judgment thereon.

2. **Tender Before Maturity of Debt.** When a debt is payable on a day certain, the creditor is not required to accept payment before that day, and he loses no rights nor does the debtor gain any because of a tender made before the debt matured.

3. **Mortgages.** A mortgaged land to B; he subsequently borrowed money of C and mortgaged the same land to secure the debt. It was the intention of A and C to discharge B's mortgage out of C's loan, but B's mortgage had not matured and B refused to accept payment. Whereupon, by agreement between A and C's agent, the latter withheld from the loan the amount of B's debt to secure C against B's mortgage. Default was made on both mortgages. *Held,* That the withholding of the money on such terms did not excuse A from his obligation to pay C his debt as it matured; that, at the suit of the mortgagees, B was entitled to foreclose for the amount of his debt, C for the amount actually paid to A,—that is, the face of his note less the amount withheld as security against B,—and that the district court did not abuse its discretion in awarding costs against the mortgagor.

APPEAL from the district court of Dawes county. Heard below before CRITES, J.

*Spargur & Fisher,* for appellants.

*W. W. Wood, Stewart & Munger,* and *Alfred Bartow, contra.*

IRVINE, C.

March 19, 1888, Mordecai C. Maxwell and wife made a mortgage to the Dakota Mortgage Loan Corporation upon a tract of land in Dawes county to secure a note for $200, payable April 1, 1893, with interest at seven per cent, payable semi-annually. On the 4th day of September, 1889, the same persons made another mortgage upon this land in favor of William Stewart and Alexander W. Stewart to secure the payment of a note for $800, payable September 1, 1894, with ten per cent interest, payable semi-annually.

·On the same day Maxwell and wife conveyed the land to
James B. Kime and Simon J. Rice, the latter afterwards
·conveying to Kime.    January 2, 1891, Moore, who had
·succeeded to the ownership of the note in favor of the Da-
kota Mortgage Loan Corporation, brought this action to
foreclose that mortgage alleging a default in several inter-
·est payments which, by the terms of the note and mort-
gage, permitted the holder to declare the whole debt due.
He made defendants Kime, the Maxwells, and the Stewarts.

The Stewarts answered, setting up their mortgage and
alleging a default in the payment of several installments of
interest then due as well as a further default because of the
breach of the covenant against incumbrances contained in
the mortgage; the incumbrance constituting the breach be-
ing the plaintiff's mortgage.

Kime demurred, the language of his demurrer being as
follows: "Come now the defendant, James B. Kime, by
Spargur & Fisher, his attorneys, and enters herein his de-
murrer to the petition and cross-petition, and for the fol-
lowing reason: Because it appears upon the face of said
·cross-petition that it does not state facts sufficient to consti-
tute a cause of action, or to entitle them to relief against
this defendant."    This demurrer purports to be directed
against both the petition and cross-petition, but states no
ground of demurrer against the petition.    Therefore, by
virtue of section 95 of the Code of Civil Procedure it must
be taken as a demurrer to the petition on the ground that
it does not state facts sufficient to constitute a cause of ac-
tion.

Mordecai Maxwell answered, admitting the execution of
the plaintiff's mortgage and denying all other allegations of
the petition.    He also asked that Alfred Bartow be made a
party    He then averred that he had put into the hands of
Bartow $250, and constituted Bartow his agent for the pur-
pose of paying such sum in satisfaction of plaintiff's mort-
gage; that Bartow did not pay the same, but converted said

sum to his own use.  He prayed that Bartow be required
to pay plaintiff's mortgage, and the costs of the suit.  No
order appears making Bartow a party, but he answered the
cross-petition, setting up facts in accordance with what the
evidence established on the trial.

The evidence showed beyond all controversy that Bar-
tow was the agent of the Stewarts; that Maxwell applied
to him for a loan; that Bartow informed him that the in-
cumbrance caused by plaintiff's mortgage must be cleared
away in order to procure the loan, and that Maxwell as-
sured him that it could be discharged at any time.  Max-
well and Bartow then entered into correspondence with the
agent of the Dakota company with a view of procuring a
release of its mortgage.  Bartow offered six months' interest
in advance as an inducement for the release.  He afterwards
offered to pay the debt with interest in full until its matur-
ity.  All this was with the knowledge of Maxwell.  Pend-
ing the negotiations the mortgage to the Stewarts was ex-
ecuted.  On September 9, 1889, Bartow and Maxwell
were met with a point blank refusal on the part of the Da-
kota company to accept payment of its mortgage before
maturity.  It was then agreed between Maxwell and Bar-
tow that Bartow should withhold from the $800, $256 as
security for the Stewarts against the plaintiff's mortgage.
A statement was then prepared on this basis and the re-
mainder of the money resulting from the Stewart loan paid
over to Maxwell.  On these facts the court established the
lien of plaintiff as a first lien and decreed foreclosure.  It
then found that Bartow, on behalf of the Stewarts, had
withheld $256 to apply in payment of the plaintiff's mort-
gage, and that three months from the date of the mortgage
to the Stewarts would have been a reasonable time for
making such payment and procuring a release.  The court
then established the mortgage of the Stewarts as a second
lien, allowing interest on $800 for three months and in-
terest on $544 for the remainder of the time—so ascertain-

Moore v. Kime.

ing the amount due on the Stewart mortgage as $678.43, and decreed a foreclosure. Kime and Maxwell appeal. Kime filed no pleading except the demurrer. There is no distinct order overruling this demurrer, but we think the decree reciting that the case had been submitted to the court upon the pleadings and evidence and then proceeding to award foreclosure, this was equivalent to overruling Kime's demurrer. No defect in either petition or cross-petition is pointed out in the briefs. We have perceived no defect therein, and Kime having, by resting on his demurrer, confessed the averments of the petition and cross-petition, the decree was not erroneous as against him.

On behalf of Maxwell the argument is that the plaintiff's assignor, having refused to receive payment of its mortgage, should not be permitted to foreclose before its maturity according to its terms; that, if this be not true, then the default was brought about by the failure of the Stewarts to apply the money withheld by them in making interest payments; that the Stewarts should not be permitted to foreclose on account of default in interest while withholding a portion of the loan greater than the interest due; that in any event under the facts the burden of the costs should be cast upon the mortgagees. The plaintiff certainly had a right to foreclose. The note, to secure which his mortgage was given, was payable at a day certain. The payee was not under any obligation to accept payment before maturity, and Maxwell acquired no rights as against him by offering to pay before; under his contract he had no right to do so. The duty of the debtor was to pay the interest installments when they matured, and the principal debt when it matured. The right of the creditor was to receive payment at such times and not before. The appellants have, therefore, shown no defense against the plaintiff's foreclosure, nor any equity whereby to subject the plaintiff to costs. As to the Stewarts, the case might be different if the appellants had not made default on their mortgage.

The $256 was withheld as security against the first mortgage, and it is probable that the appellees had a right to expect this money to be applied to the payment of interest thereon as the interest fell due and that they might have required the Stewarts to answer for all loss or expense caused by their failure to so apply this fund. But the appellants did not pay the interest on the Stewart mortgage, and if the $256 was, as we are inclined to think and as the appellants claim, a fund for the payment of the first mortgage, then the Stewarts could not be required, and in fact they had no right, to apply it to the payment of interest on their own mortgage. It was the duty of the appellants to pay this interest, and having broken the contract upon their part they cannot defend against the foreclosure because the Stewarts failed to protect them against the first mortgage.

In one respect we think the court erred. Under the evidence we can see no foundation for allowing interest on the $256 withheld for three months or any other time. When the agreement was made it was known the first mortgagee would not accept payment, and there was no occasion for the Stewarts to keep this money for any time at the disposal of Maxwell. It was simply withheld to meet the first mortgage when it matured, and neither Maxwell nor Kime had the use thereof. The amount found due on the mortgage should, therefore, be reduced by $6.40—the interest at the rate the mortgage bore on $256 for three months. So modified the decree will be affirmed, as under the circumstances we see no reason for not sustaining the discretionary act of the trial judge in taxing the costs against the appellants.

DECREE ACCORDINGLY