GEORGE ABBAS, APPELLANT, v. D. M. DEMONT ET AL., APPELLEES.

40 N. W. 2d 265

Filed December 22, 1949. No. 32676.

*Collins & Collins,* and *W. R. Patrick,* for appellant.

*Winters & Winters,* and *Guy E. Tate,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff instituted this action in ejectment to recover possession of approximately four acres of land, more particularly described in the petition. Issues were joined, a jury was waived, and a trial had to the court. The trial court entered a judgment finding that plaintiff was entitled to the immediate possession of the real estate unless defendants pay $8,011.74 into court for the benefit of plaintiff within 60 days. Plaintiff appeals.

The evidence shows that on April 1, 1946, one Bavinger entered into a written contract whereby Bavinger agreed to sell the real estate in question to the defendants for the sum of $8,950. The contract provided for the payment of $1,000 in cash and for further payments of $100 each month, commencing on May 1, 1946, until the amount due under the contract was fully paid. By a

supplemental agreement attached to the original contract it was agreed that defendants would pay an additional $500 within 60 days from the date of the contract in reduction of the principal sum due under the agreement.

On May 15, 1947, Bavinger assigned the contract of sale to the plaintiff Abbas. At that time, in addition to the down payment of $1,000, the sum of $1,143.80 had been paid to Bavinger, of which $739.79 was credited on the principal. There remained due on the contract at the time of the assignment of the contract to plaintiff the sum of $7,210.21. The $500 cash payment had not been paid. Since the assignment, no payments on principal, interest, or taxes have been made. On August 14, 1947, this action was commenced.

The contract of sale contained the following provision: "It is further understood and agreed by and between the parties hereto that if the party of the second part fails to pay any of said monthly installments, or any part thereof, when due, or fails to keep and perform any of the other terms and conditions of this agreement on his part to be kept and performed, as herein provided for, time being of the essence of this contract, then and in such case the party of the first part, at his option may cancel this contract, and without notice, and in the event of the exercise of such option by the party of the first part, any payments made in accordance with this contract shall be considered as rent for the use of said premises and shall be so applied by party of the first part." It is the contention of the plaintiff that, as time was of the essence of the contract and the defendants being in default, he is entitled to cancel the contract and declare a forfeiture of all payments made in accordance with the plain provisions of the agreement.

The defendants by their amended answer allege the payment of $2,143.80 on the contract and assert an equity in the property in such amount. It is further alleged that the $500 payment was not made for the reason that the then owner of the property, Bavinger, waived its pay-

ment on the date it was due by the terms of the agreement. Defendants also assert a counterclaim for damages resulting from the misrepresentation of the property by Bavinger and his agents in consummating the sale.

In reply the plaintiff admits that the time of payment of the $500 installment was extended from June 2 to July 2, 1946, and denies all other allegations of the answer.

The petition upon which this case was tried stated a cause of action in ejectment. The evidence in support thereof shows that the down payment of $1,000 was made and that monthly payments of $100 were made to April 23, 1947. The contract was assigned to plaintiff on May 15, 1947, at which time the $500 installment and the $100 monthly payment due on May 1, 1947, were in default. No payments have been made on the contract since it was assigned to plaintiff. The defendants admit all the defaults of principal, interest, taxes, and insurance asserted by the plaintiff, except the $500 installment which they assert was waived as to time of payment. The counterclaim asserted by defendants was inferentially denied by the trial court, no mention thereof being made in the judgment entered. Defendants have not cross-appealed and do not here complain of the trial court's disposition of the counterclaim. It is not before us on this appeal.

Ejectment is strictly a law action. A party defendant may, however, plead an equitable defense thereto. Staley v. Housel, 35 Neb. 160, 52 N. W. 888; Tillson v. Holloway, 90 Neb. 481, 134 N. W. 232, Ann. Cas. 1913B 78. In the latter case the court said: "The defendant was entitled to have this issue submitted to the jury, or, if plaintiff's contention that, being an equitable defense, it was for the court to decide is correct, the record should show affirmatively that the issue was passed upon by the court and a finding made of the facts as in any other case in equity, or that the question was submitted to the jury for an advisory verdict upon special findings."

In an action in ejectment the plaintiff must allege and prove that he has a legal estate in the real property involved, that he is entitled to the possession thereof, and that the defendant unlawfully keeps him out of possession. § 25-2124, R. R. S. 1943. It is the general rule that ejectment may be maintained by a vendor of real property against his vendee in possession under an executory contract of sale where the vendee is in default and the contract of sale provides that time is of the essence and that a forfeiture may be declared in case of default. Bradley & Co. v. Union Pacific R. R. Co., 76 Neb. 172, 107 N. W. 238; Gilbert v. Union Pacific R. R. Co., 79 Neb. 160, 112 N. W. 359. The law dislikes forfeitures, however, and the vendor will be held strictly to his contract. Walker v. Burtless, 82 Neb. 211, 117 N. W. 349.

The defendants allege that the payment of the $500 installment on the date it was due was waived by the former owner of the property. The plaintiff admits a 30-day extension for the payment of the $500. The evidence of the defendants is that it was extended for an indefinite period of time. This evidence is not disputed in the record. We think the rule is that as to such default the plaintiff has waived his right to forfeit the contract until notice is first given sufficient to reinstate the right to forfeit it because of the failure to make this payment. See Izard v. Kimmel, 26 Neb. 51, 41 N. W. 1068.

The rule is, also, that the acceptance of a payment due under the contract waives the right to cancel the contract and to forfeit the payments made as to preexisting defaults. We have stated the rule to be: Where there are conditions in a contract for the sale of real estate, making time the essence of the contract and providing for a forfeiture in case of default, the acceptance of part payment on the contract is a waiver of the conditions as to all defaults then existing. Paulman v. Cheney, 18 Neb. 392, 25 N. W. 495; White v. Atlas Lumber Co., 49 Neb. 82, 68 N. W. 359.

The last payment on the contract was made on April 23, 1947. Payments of $100 each became due in May, June, July, and August, prior to the commencement of this action. No excuse is pleaded or proven as to why these four payments were not made. No waiver exists as to them, in fact it is not even claimed. The record shows that on the date of the trial in the district court plaintiff had paid $2,143.80 on the contract. More than $3,100 remained in default. The defendants have occupied the property since April 1946, by virtue of the contract of sale. Assuming that the equities of the case are properly before us, it is plain that they favor the plaintiff and not the defendants. The plain language of the contract gives the plaintiff the right to cancel the contract and forfeit the payments made. Courts are not authorized to rewrite contracts which the parties themselves made. Under the circumstances shown the plaintiff is entitled to a judgment ejecting the defendants from the property. It being established that the defendants are in default under the contract, entitling the plaintiff by its terms to cancel it and forfeit the payments made, the defendants have no rights thereunder for the reason that a contract no longer exists. Notice of intention to forfeit is not required. Gilbert v. Union Pacific R. R. Co., *supra.* The trial court therefore erred in granting the defendants 60 days in which to redeem. The judgment is therefore reversed and the cause remanded with instructions to enter a judgment for the plaintiff for the immediate possession of the property.

REVERSED AND REMANDED.