JEAN REESE ET AL., APPELLEES, v. MARIAN HATFIELD ET AL., APPELLANTS.

270 N. W. 2d 898

Filed October 25, 1978. No. 41616.

Vincent J. Kirby, for appellants.

Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH,

McCown, Clinton, Brodkey, and White, JJ., and Kuns, Retired District Judge.

McCown, J.

This is an action for specific performance of a written contract for the purchase and sale of shares of stock of a family corporation. The District Court granted specific performance of the contract and directed the payment of certain supplemental amounts by the purchaser. The defendant sellers have appealed.

In 1972, George W. McNaught, pursuant to an estate plan, organized a Nebraska corporation, the sole asset of which was the Diamond 8 Ranch. Approximately 1/6th of the shares of stock of the corporation were given to each of his three daughters, the plaintiff Jean Reese, and the defendants Marian Hatfield and Donice Bruner. An additional 1/6th of the shares was sold to each daughter for $33,867, and a promissory note was given for the purchase price. The interest on the notes was to be paid by the daughters to George W. McNaught, and their management salaries were to cover the principal and interest payments due on the notes. George W. McNaught executed a will in which he provided that the notes were to be forgiven at his death. Each daughter assumed an executive position in the corporation and the daughters also comprised the board of directors.

The Diamond 8 Ranch was leased under a cash lease. In 1975 the plaintiff Jean Reese and her husband were the lessees. After the annual stockholders' meeting of the corporation on February 6, 1975, John Hatfield, the husband of defendant Marian Hatfield, suggested that the ranch should be either divided up or sold because the cash lease arrangement was causing friction in the family. The Reeses requested that a price be set so that they could either buy the defendants' stock or the defendants could

buy Jean Reese' stock. The defendants offered to sell Jean Reese their respective shares of stock on the basis of a $450,000 valuation of the entire corporate property. The plaintiff, Jean Reese, then agreed to buy the defendants' stock on the basis of the price set, and the attorney for the corporation prepared the sale contract. Each of the three daughters was given a copy of the contract. Each of them read the contract and executed it the same evening, February 6, 1975.

The contract recited that the plaintiff, Jean Reese, and the defendants, Marian Hatfield and Donice Bruner, were all the stockholders of Diamond 8 Ranch, Inc., a Nebraska corporation; that Marian Hatfield owned 308 5/6ths shares, and Donice Bruner owned 320 5/6ths shares; and that the plaintiff owned the balance of the 1,000 shares outstanding. The contract provided that defendant, Marian Hatfield, sold her shares of stock to the plaintiff, Jean Reese, for the total sum of $135,900; and the defendant, Donice Bruner, sold her shares of stock to plaintiff, Jean Reese, for the total sum of $144,450. Checks for the purchase price specified were executed and delivered to the attorney for delivery to the defendants upon receipt of the stock certificates, duly endorsed, pursuant to the contract. The defendants did not deliver the stock certificates. The plaintiff, Jean Reese, and her husband took over the management of the corporation and have continued it.

This action for specific performance was begun by the plaintiff, Jean Reese, on April 11, 1975. George W. McNaught joined with the plaintiff, Jean Reese, seeking specific performance of the contract. Plaintiffs' petition alleged that the plaintiff, Jean Reese, had agreed to assume the outstanding indebtedness of the defendants to George W. McNaught on the promissory notes. The District Court entered a decree requiring specific performance of the contract, and ordered the plaintiff, Jean Reese, to pay addi-

tional amounts of $1,775.16 to Marian Hatfield and $1,847.13 to Donice Bruner for certain rent and cash on hand in the corporation at the time of sale. Jean Reese was also ordered to pay a further additional amount of $2,850 to Marian Hatfield to compensate for an error in computation in the contract. The plaintiff, Jean Reese, was also ordered to pay the promissory notes given to George W. McNaught by the defendants, and the defendants were relieved from further liability on the notes. The defendants have appealed.

Essentially, the defendants contend that there was no meeting of the minds with respect to the contract because the plaintiff had failed to disclose to the defendants the complete legal effect of the execution of the contract, and that the parties had failed to take into consideration the individual indebtedness of the parties represented by the promissory notes to George W. McNaught. They therefore assert that there is no basis for ordering specific performance.

As a general rule, where a valid binding contract exists, which is definite and certain in its terms, mutual in obligation, and free from unfairness, fraud, or overreaching, a court will grant a decree of specific performance as a matter of course or right where the remedy at law is inadequate and specific performance will not be inequitable or unjust. See, Dowd Grain Co., Inc. v. Pflug, 193 Neb. 483, 227 N. W. 2d 610; 71 Am. Jur. 2d., Specific Performance, § 7, p. 19.

In this case there is no allegation or evidence that the $450,000 valuation was not fair and equitable, nor that there were any misrepresentations or false or misleading statements made. The obligations were mutual, and the defendants themselves set the price. Neither is there any evidence that the enforcement of the contract as written would be unjust or inequitable.

The defendants' position is that they did not intend

to transfer the accrued rent and bank account of the corporation, or that they did not know the amount of these assets of the corporation. The defendants were well educated, competent persons who were officers of the corporation, and they had just attended a stockholders' meeting. They knew, or should have known, all the facts that were to be known about the corporation. They also knew all about the promissory notes that had been executed by the parties to this lawsuit to their father, and they knew all the facts just as well as did the plaintiff. It is incredible that defendants would seriously contend that they should be entitled to avoid a fair and reasonable written contract, voluntarily entered into, simply by asserting that they did not understand its legal effect.

There was one matter as to which there was evidence of a mutual mistake. The attorney who drafted the contract made an error in computing the value of the stock of Marian Hatfield, and the mistake was not discovered until the contract had been executed. Neither party asked for reformation on that score but the court did correct that error in its decree.

A contract for the purchase and sale of the stock of a closely held family corporation, which stock is not procurable on any market, is a proper subject for specific performance. See Goodall v. Stanosheck, 131 Neb. 720, 269 N. W. 814.

With the possible exception of the error in the computation of the purchase price of the Hatfield stock, the evidence establishes that the contract should have been specifically enforced upon payment of the purchase price provided for in the contract without requiring the payment of any additional amounts. Although the plaintiff agreed to pay additional amounts and to assume the obligations on the promissory notes, she did so after the contract had been executed, and there was no separate or ad-

ditional consideration for such agreements. Nevertheless, the plaintiff has filed no cross-appeal, but, instead, prays that the decree of the District Court be affirmed. The plaintiff is the only party injured by the requirement of additional payments in the decree. Those provisions were more favorable to the defendants than they were entitled to. Under the circumstances, the decree must be affirmed.

AFFIRMED.