Panhandle Rehabilitation Center, Inc., a Nebraska nonprofit corporation, appellee, v. Hazel Larson, also known as Hazel S. Larson, appellant.

288 N. W. 2d 743

Filed February 26, 1980. No. 42585.

R. Kevin O'Donnell and Thomas M. Shanahan of McGinley, Lane, Mueller, Shanahan & McQuillan, for appellant.

Herbert M. Sampson III of Sampson & Forney, for appellee.

Heard before Boslaugh, McCown, Clinton, and Hastings, JJ., and Colwell, District Judge.

Colwell, District Judge.

Hazel S. Larson, defendant-lessor, appeals from a decree of specific performance of an option requiring her to convey real estate to Panhandle Rehabilitation Center, Inc., plaintiff-lessee.

Plaintiff's petition alleges (1) a written lease whereby defendant leased to plaintiff with an option to buy Lot 4 and the south 32 feet of Lot 3, Block 8, Second Addition to the Town, now City, of Alliance, Box Butte County, Nebraska, according to the plat thereof, (2) the performance of all lease terms, (3) plaintiff exercised the option, (4) defendant's refusal to convey premises, and (5) no adequate remedy at

law. Defendant's answer denies the petition, and by cross-petition alleges breach of lease terms and a void option, and prays for return of possession. The trial court denied defendant's cross-petition and granted specific performance to plaintiff. We hear the appeal de novo.

Most of the evidence was stipulated. In the 1971-72 period plaintiff was functioning as a small alcoholic rehabilitation center in Alliance, Nebraska, wanting to expand its services and facilities. Defendant was a supporter of that program and, after some negotiation, she bought the described premises for $19,139.64 and leased it to plaintiff. Plaintiff's attorneys prepared the lease and, after examination by the parties and their counsel, it was executed. Briefly, the lease was for 10 years beginning January 1, 1973, at a monthly rental of $250 with an option to buy.

Plaintiff entered possession and made certain repairs and improvements required by the lease, expending more than $5,000. Lack of funds caused the closing of the Center in August 1976. Thereafter, the relationship between the parties became strained. Defendant withdrew her support of plaintiff's program, and on two occasions she attempted to induce plaintiff to release the option, first by offering to install a new furnace and next by offering 3 months free rent. She requested that possession of the premises be returned to her, claiming it was her understanding that if plaintiff's project failed the property was to be returned to her. This was not a condition or a part of the written lease. Plaintiff regularly paid all monthly rental payments through December 1977. There is evidence that at the time of trial the property was worth $38,000.

On December 27, 1977, plaintiff gave written notice to defendant by certified mail of its intention to exercise its option to buy the premises, together with a $2,000 cashier's check, as required. Defendant re-

ceived the notice and the check on December 29, 1977, and refused to honor the option, claiming that the option was void because plaintiff violated the lease terms. This suit follows.

"As a general rule, where a valid binding contract exists, which is definite and certain in its terms, mutual in obligation, and free from unfairness, fraud, or overreaching, a court will grant a decree of specific performance as a matter of course or right where the remedy at law is inadequate and specific performance will not be inequitable or unjust." Reese v. Hatfield, 201 Neb. 540, 270 N. W. 2d 898. See, also, Bauer v. Bauer, 136 Neb. 329, 285 N. W. 565; 71 Am. Jur. 2d, Specific Performance, § 7, p. 18.

"The burden is primarily on the party seeking specific performance to show his right in equity and good conscience to the relief sought. * * * The evidence which entitles a party to specific performance must be clear, satisfactory, and unequivocal." Tedco Development Corp. v. Overland Hills, Inc., 200 Neb. 748, 266 N. W. 2d 56.

The option in question provides: "9. Option. *Should Tenant have paid all rental provided herein and performed all covenants by it to be performed,* on January 2, 1978, and on the 2nd day of each year thereafter during the term of this lease, Tenant shall have the option to purchase said premises upon the following terms and conditions: (a) The purchase price shall be $19,000.00, payable $2,000.00 upon exercise of the option, the balance payable on or before 30 days after exercise of the option concurrently with approval of marketable title subject to outstanding mortgage indebtedness, if any, and conveyance of title from Owner to Tenant. * * * (c) *Notice of exercise of the option shall be given in writing on or before January 2 of the year in which the option is exercised to Owner at her last known address; if sent by mail, it shall be by certified mail or its equivalent with a postmark of P. M. December 30 of*

*the year preceding the effective January 2, or earlier.* * * *.'' (Emphasis supplied.)

Defendant claims the option is void, charging threefold violations of conditions precedent in the lease as required by the provision in the option, ''Should tenant have paid all rental provided herein and performed all covenants by it to be performed, on January 2, 1978, * * *.''

First, defendant contends that the option could not be exercised prior to January 2, 1978. Such a narrow interpretation overlooks the requirement in subpart (c) requiring sending the notice postmarked December 30 prior to the year of acceptance. Our court has held: ''An acceptance may be transmitted by any means which the offeror has authorized the offeree to use and, if so transmitted, is operative and completes the contract as soon as put out of the offeree's possession, without regard to whether it ever reached the offeror, unless the offer otherwise provides.'' Anderson v. Stewart, 149 Neb. 660, 32 N. W. 2d 140.

The time of acceptance provided in the option required plaintiff's strict compliance, which was clearly met.

Second, defendant insists that the payment of $250 rent on January 1, 1978, was a condition of the option that plaintiff was required to perform before it could exercise the option. ''Where the option to purchase is duly exercised by an election to purchase, the relation of landlord and tenant ceases and that of vendor and purchaser arises, * * *.'' Mauzy v. Elliott, 146 Neb. 865, 22 N. W. 2d 142. There is no merit to defendant's claim. When she received the acceptance on December 29, 1977, there was a valid contract for the sale of real estate between the parties and the relationship of lessor-lessee was changed to that of vendor-vendee. See, also, 49 Am. Jur. 2d, Landlord and Tenant, § 367, p. 382.

Lastly, and the main issue here, is the claim that

plaintiff fell short of substantial performance of certain covenants in the lease. These covenants generally included the usual requirements relating to sidewalks, health and fire ordinances, utility charges, and building maintenance; and, in this case, the defendant particularly relies on the insurance provision which required plaintiff to carry liability insurance in certain required amounts with defendant named as an additional insured and a copy of the insurance policy to be furnished to defendant.

The evidence was that plaintiff did secure comprehensive liability insurance with coverage in excess of that required, except medical. Defendant was not an additional named insured. No copy of the policy was delivered to defendant. Although she was aware of the copy requirement, she made no request for it until January 6, 1978. On January 9, 1978, plaintiff, through its attorney, furnished defendant with a certificate of insurance showing the insurance coverage for a 3-year period ending April 24, 1978.

"A party who seeks specific performance must show not only that he has a valid legally enforceable contract, but also that he has substantially complied with its terms by performing or offering to perform on his part the acts which formed the consideration of the undertaking on the part of the defendant, * * *." Russell v. Western Nebraska Rest Home, Inc., 180 Neb. 728, 144 N. W. 2d 728. The annotation in 53 A. L. R. 3d, § 4, p. 435, at p. 440, discusses this general rule in terms that a lessee may be precluded from exercising an option to purchase by a substantial breach of the lease terms.

The requirement for the delivery of a copy of the insurance policy to defendant was for her information and convenience to determine if the insurance covenant had been met. That omission, coupled with the failure to name the defendant as an additional insured, was material since it exposed defend-

ant to possible liability, particularly since plaintiff was in control of complying with this covenant as to coverage, amounts, time, insureds, and defendant's knowledge of the same.

Plaintiff argues that the insurance omission did not void the option for the reasons (a) plaintiff has substantially performed all covenants required of it, (b) equity requires specific performance, and (c) defendant waived the claimed breach by accepting rent and not requiring compliance when she had full knowledge of the covenants.

Plaintiff did breach the insurance covenant; however, it did in all other things promptly and in good faith perform the lease terms for 5 years. We examine this breach in the light of its treatment as given by the parties and particularly the defendant, since this is the best indication of the true intent of the parties. See Lortscher v. Winchell, 178 Neb. 302, 133 N. W. 2d 448. Defendant was aware of the insurance covenant; however, she made no request for plaintiff's compliance. She was interested in regaining possession of the real estate rather than a lessor's interest in plaintiff complying with the written lease. In other words, defendant did not treat this breach as substantial. We find the evidence is clear that plaintiff did substantially perform all of the lease terms.

We next examine the equities. Plaintiff has sustained its burden of proof that it substantially performed its obligation under the lease, including payment of all rentals; plaintiff made substantial improvements to the premises; the option was exercised by plaintiff at the time and in the manner required; defendant has repudiated the option and plaintiff has no adequate remedy at law; defendant will suffer no hardship; the parties will get their bargain under the lease and the option; and equity and justice require specific performance.

The general rule of waiver is stated in Randall v.

Erdman, 194 Neb. 390, 231 N. W. 2d 689: "Where a party to a contract, with knowledge of a breach by the other party, receives money in the performance of the contract, he will be held to have waived such breach." See, also; Annotation, 53 A. L. R. 3d, § 8, p. 449. Although there may be some merit to plaintiff's claim of waiver, it is not necessary to decide that issue here. Rather, those circumstances are considered with the issues of substantial performance and the equities above discussed.

The trial court did not abuse its discretion and the decree of specific performance should be affirmed.

AFFIRMED.