ROBERT C. LITZ AND GENEEN K. LITZ, HUSBAND
AND WIFE, APPELLANTS, V.
REX W. WILSON, APPELLEE.

304 N.W.2d 48

Filed April 3, 1981. No. 43304.

Edward E. Hannon of Cronin, Hannon & Symonds for appellants.

Arlen D. Magnuson for appellee.

Heard before KRIVOSHA, C.J., MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ., and RONIN, District Judge.

RONIN, District Judge.

This is an action in equity brought by the plaintiffs, Robert C. Litz and Geneen K. Litz, husband and wife, for the specific performance of a written contract for the sale of real estate to the defendant, Rex W. Wilson. Plaintiffs seek in their petition not only to foreclose their sellers' lien upon the subject real estate but also to reform the legal description of the property. The trial

court denied specific performance and held that the contract was an option to purchase real estate which was never exercised by the defendant prior to its expiration on July 1, 1976. The plaintiff sellers have appealed. The sellers having brought an equitable action of specific performance in this case, our review on appeal is de novo.

The written contract was entered into by the parties on May 25, 1976, for the sale of an unimproved acreage just outside the city limits of O'Neill, Nebraska, and "containing approximately 17 acres." The record is undisputed that the subject real estate contained only 14.472 acres and that the plaintiffs were in error in representing to the defendant the size of the subject tract. The contract provided for a sale price of $100,000 with a downpayment of $1 which was paid by the defendant to the plaintiffs at the time of the execution of the contract. Twenty-eight thousand dollars was to be paid on or before July 1, 1976, with the remainder to be paid in equal annual payments. In June of 1976 plaintiffs' attorney, Ronald Olberding, advised defendant of an error in the legal description of the property. This error placed the property approximately 11 feet to the west of its actual location. On July 2, 1976, the defendant advised Olberding that he would not perform his part of the contract because of the error in the legal description of the real estate.

We find that the contract contained no provision for an option to purchase and that the trial court was in error in its finding that the contract provided for an option which was not exercised by the defendant. We also find that the nominal payment of the $1 provision in the contract was clearly for a downpayment and there was no liquidated damages provision for its rescission as contended by the defendant. The written contractual promise of the plaintiffs to sell and the promise of the defendant to purchase the subject real estate provide sufficient consideration for the subject written contract. Restatement of Contracts § 75 (1932); *Abel v.*

*Gill,* 95 Neb. 279, 145 N.W. 637 (1914). We hold that the written contract of the parties was a contract for the sale of real estate without an option provision for the defendant.

A seller under a written land contract may bring an equitable action for specific performance of its provisions. In *Colson v. Estate of Johnson,* 111 Neb. 773, 776, 197 N.W. 674, 675 (1924), our court stated: "[W]here the land contract is executory and the vendee makes default, the remedies of the vendor are to rescind, specific performance, foreclose the contract as a mortgage, or bring suit for damages for the breach." It has also been stated: "As a general rule, where a valid binding contract exists, which is *definite* and *certain in its terms,* mutual in obligation, and *free from unfairness,* fraud, *or overreaching,* a court will grant a decree of specific performance as a matter of course or right where the remedy at law is inadequate and specific performance will not be *inequitable or unjust.*" (Emphasis supplied.) *Reese v. Hatfield,* 201 Neb. 540, 543, 270 N.W.2d 898, 899 (1978). However, "[s]pecific performance of a contract by a court of equity is not generally demandable or awarded as a matter of absolute legal right, but is directed to and governed by the sound legal discretion of the court, dependent upon the facts and circumstances of each particular case." *Menke v. Foote,* 199 Neb. 800, 806-07, 261 N.W.2d 635, 639 (1978).

Our court in *Panhandle Rehabilitation Center, Inc. v. Larson,* 205 Neb. 605, 607, 288 N.W.2d 743, 745 (1980), stated: "'The burden is primarily on the party seeking specific performance to show his right in equity and good conscience to the relief sought. * * * The evidence which entitles a party to specific performance must be clear, satisfactory, and unequivocal.'"

The defendant, Dr. Rex W. Wilson, in his second amended answer alleges, among other defenses, that he was mentally incompetent to enter into a valid real estate contract when he signed the real estate agree-

ment in this case on May 25, 1976. The evidence is undisputed that the defendant suffered a stroke in 1972 and was hospitalized in Omaha, Nebraska. Dr. Harold Ladwig, a neurologist, was his treating physician, and numerous psychological tests were administered by Dr. Gerald Rosenblatt. The depositions of these medical witnesses were read into evidence and relate the acute symptoms of the severity of his stroke. It was also noted that the defendant had an alcohol intake problem for which he later received inpatient treatment from November 18, 1973, until January 16, 1974, after which he left his general medical practice and became involved with alcohol treatment programs.

In March 1976 Dr. Ladwig again examined the defendant at the request of a Dr. John Sage. Dr. Ladwig's testimony is that the defendant's judgment was definitely impaired and that he exhibited a manic-like behavior at times; that this mental condition would continue in the future; and that the defendant's impairment of judgment was sufficient that it would be difficult for him to understand all the necessary information with regard to the written contract that he signed.

The record discloses that the defendant had not received the advice of a licensed realtor or the services of an attorney prior to his signing the contract. We find that the contractual price of $100,000 for the subject unimproved real estate tract was clearly exorbitant. Another defense alleged by the defendant is that the plaintiffs represented several times to the defendant, and the written contract for sale of the real estate provided, that it contained "approximately 17 acres" whereas its actual size was only 14.472 acres. The evidence is undisputed that the plaintiffs did misrepresent the size of the subject real estate in the contract in this respect.

The issues in this action in equity must be resolved on applicable equitable principles. 71 Am. Jur. 2d *Specific Performance* §§ 52, 53 (1973). We find that any one of the defenses of the defendant would probably not be

adequate by itself to deny specific performance of the sales contract. However, we find the totality of the circumstances, which includes the impairment of the judgment of the defendant at the time of the execution of the agreement, is such that the plaintiffs have clearly failed to sustain their required burden to prove their right in equity and good conscience for the specific performance of the written real estate sales agreement.

While we would not agree with the finding of the trial court that the written sales contract was only an option, we hold that specific performance of the written contract of the parties was properly denied and plaintiffs' amended petition be dismissed for the reasons stated. The judgment of the trial court is affirmed.

AFFIRMED.

WHITE, J., concurs in result.