PAIROTE POOMMIPANIT AND SOMCHIT POOMMIPANIT, APPELLEES,
v. DEWEY P. SLOAN ET AL., APPELLANTS.

510 N.W.2d 542

Filed August 24, 1993.  No. A-91-1271.

Robert W. Green for appellants.

Wayne E. Boyd and Laurie L. Boyd, of Boyd Law Office, P.C., for appellees.

CONNOLLY, HANNON, and MILLER-LERMAN, Judges.

CONNOLLY, Judge.

This appeal arises from the trial court's decision in favor of the appellees, Pairote Poommipanit and Somchit Poommipanit (Poommipanits), vendees in an installment real estate contract with the appellants, Dewey P. Sloan, Diane K. Sloan, William E. Law, and Dorothy J. Law (Sloan). Poommipanits attempted to prepay the balance due on the contract. The contract was silent as to the possibility of prepayment, and Sloan rejected the attempted prepayment. The trial court held that Sloan had to accept Poommipanits' tender of prepayment for the balance of the contract. We reverse that part of the judgment.

## I. FACTS

On June 28, 1979, Poommipanits entered into an installment real estate contract with Sloan to purchase a three-building apartment complex in South Sioux City, Nebraska. The agreement was a preprinted form labeled "Agreement for Warranty Deed." Under the terms of the agreement, Poommipanits were to pay $480,000 for the complex. The agreement provided for a $50,000 downpayment, with the $430,000 balance to be paid in monthly installments of $4,150 over a period of 20 years. The purchase contract was silent as to whether Poommipanits could prepay the balance due on the contract.

In 1988, Poommipanits offered to prepay the balance of the contract and made demand upon Sloan for conveyance of title

to the property. Sloan refused to transfer title. Poommipanits then ceased making payments under the contract and did not make the May, June, or July payments in 1989. After the May 1 payment remained unpaid for more than 60 days, Sloan declared the purchasers in default and demanded repossession of the premises, which was refused by Poommipanits.

Poommipanits brought an action seeking, inter alia, an order for specific performance requiring Sloan to accept premature payment of the contract balance and convey title of the apartment complex to Poommipanits. Poommipanits also sought damages. Sloan answered by citing *Abbas v. Demont*, 152 Neb. 77, 40 N.W.2d 265 (1949), as authority for the argument that Poommipanits had defaulted on the contract and that a forfeiture should be declared. Sloan included in his answer a counterclaim for forfeiture of Poommipanits' interest in the contract and ejectment of Poommipanits.

After a bench trial, the court held that Poommipanits could prepay the balance of the contract. The court found, inter alia, that Poommipanits had tendered the balance due upon the contract and had demonstrated the ability to pay the balance due under the agreement; that the value of the premises was in excess of the balance due on the contract; and that Sloan was not entitled to strict forfeiture or strict foreclosure. The court found the principal balance due from Poommipanits to Sloan as of October 1, 1991, to be $270,379.37, with interest accruing thereafter at the rate of 10 percent per annum. The court ordered specific performance in favor of Poommipanits. Sloan was ordered to convey the premises by good and sufficient warranty deed in fee simple, clear of all encumbrances. Sloan's counterclaim was dismissed.

## II. ASSIGNMENTS OF ERROR

Sloan argues that the trial court erred in (1) ordering Sloan to accept prepayment of the contract balance, (2) failing to declare Poommipanits' interest in the contract forfeited, and (3) calculating the balance due on the contract.

## III. STANDARD OF REVIEW

Whether the nature of an action is legal or equitable is to be determined from its main object, as disclosed by the averments

of the pleadings and the relief sought. See *Buell, Winter, Mousel & Assoc. v. Olmsted & Perry*, 227 Neb. 770, 420 N.W.2d 280 (1988). Poommipanits' action for specific performance was equitable in nature, and we review that portion of the appeal accordingly.

An action in equity for specific performance of a written contract for the sale of real estate, as with any other equity action, is reviewed de novo on the record. *Mohrlang v. Draper*, 219 Neb. 630, 365 N.W.2d 443 (1985); *Litz v. Wilson*, 208 Neb. 483, 304 N.W.2d 48 (1981).

Sloan's counterclaim for ejectment was legal in nature. In *Fisbeck v. Scherbarth, Inc.*, 229 Neb. 453, 428 N.W.2d 141 (1988), the Nebraska Supreme Court stated that a plaintiff's legal claim and a defendant's equitable counterclaim can be adjudicated by the same court in the same action, but the plaintiff's claim must be adjudicated at law and the defendant's counterclaim in equity. Thus, it would appear that Sloan's counterclaim should be adjudicated, and reviewed by this court, as a legal matter. However, the Nebraska Supreme Court stated in *Miller v. Radtke*, 230 Neb. 561, 432 N.W.2d 542 (1988), that when a defendant presents an equitable defense to an action in ejectment, the case is tried, and reviewed, as an action in equity. In their amended petition, Poommipanits state that "the real estate on which the [apartment complex] was located had a value far in excess of the balance due from [Poommipanits] to [Sloan] under the [agreement] and, accordingly, [Sloan is] not entitled to said forfeiture." Because Poommipanits raised the question of whether, given the amount of money they had already paid for the apartments, it would be equitable to enforce an action for ejectment, we follow *Miller v. Radtke* and review in equity, rather than at law, the portion of the appeal dealing with ejectment.

When tried and reviewed as a matter in equity, ejectment of a vendee may be granted as a remedy for violating the terms of a land contract only where the equities of the particular case justify such a disposition, where the property is of less value than the contract price, and where such a procedure would not offend against justice and equity. See *id.*

## IV. ANALYSIS

### 1. PREPAYMEMT

The principal issue in this case is whether a purchaser-vendee of an installment real estate contract is entitled to compel the seller-vendor to accept prepayment of the contract balance where the contract is silent on the matter of prepayment.

In *Moore v. Kime*, 43 Neb. 517, 61 N.W. 736 (1895), the Nebraska Supreme Court, in discussing the prepayment issue in the context of a mortgage, held that when a debt is payable on a day certain, the creditor is not required to accept payment before that day, and he loses no rights, nor does the debtor gain any, because of a tender made before the debt matured. From our research, it appears that the Nebraska Supreme Court has not ruled on the precise issue of whether a vendee-purchaser can force a vendor-seller to accept prepayment of the balance of an installment real estate contract when the contract is silent as to prepayment. However, the general rule in most jurisdictions is that where an installment real estate contract does not contain a provision permitting prepayment, the vendee-purchaser cannot force the vendor-seller to accept prepayment on the contract. *Lett v. Grummer*, 300 N.W.2d 147 (Iowa 1981); *Meinecke v. Goedeke*, 195 Md. 373, 73 A.2d 445 (1950); *Porten v. Peterson*, 139 Minn. 152, 166 N.W. 183 (1918). See, also, annot., 17 A.L.R. 866 (1922).

We adopt the majority rule and hold that where an installment real estate contract does not contain a provision permitting prepayment, the vendee-purchaser cannot force the vendor-seller to accept prepayment on the contract. Poommipanits argue that the agreement was modified to allow prepayment. We have reviewed the record and determine that the agreement was not modified in the manner alleged by Poommipanits. Poommipanits also argue that Sloan should be estopped from refusing a tender of prepayment, but we find no justification in the record for applying such a doctrine.

### 2. FORFEITURE

Sloan contends that the trial court erred in failing to declare a forfeiture of Poommipanits' interest in the contract. Our approach to this issue is controlled by *Miller v. Radtke*, 230

Neb. 561, 432 N.W.2d 542 (1988). In that case, after determining that the ejectment action before it was equitable in nature and after observing that " 'as a general rule, equity abhors forfeitures,' " the court stated that

> ejectment of a vendee may be granted as a remedy for violating the terms of a land contract only where the equities of the particular case justify such a disposition, where the property is of less value than the contract price, and where such a procedure would not offend against justice and equity.

*Miller v. Radtke*, 230 Neb. at 567, 432 N.W.2d at 547. At the time the dispute arose in the case at bar, Poommipanits had already paid Sloan over $200,000, which is nearly half of the total purchase price. An order of forfeiture and ejectment would allow Sloan to keep the money already paid by Poommipanits and leave Poommipanits with no interest in the real estate. While it is true that Poommipanits may have violated the terms of the contract by defaulting on monthly installment payments beginning May 1, 1989, see *Abbas v. Demont*, 152 Neb. 77, 40 N.W.2d 265 (1949) (holding that ejectment may be maintained by a vendor of real property against his vendee where the contract provides that a forfeiture may be declared in the case of default), we find that the equities of the case do not warrant a forfeiture by Poommipanits of their interest in the real estate at issue. Equity requires that Sloan seek a remedy other than ejectment.

### 3. CALCULATION OF BALANCE DUE

In light of our analysis of the other assignments of error, we do not reach Sloan's assignment of error concerning the trial court's calculation of the balance due on the purchase agreement.

### V. CONCLUSION

We reverse the judgment of the trial court ordering Sloan to accept prepayment on the contract. We affirm the judgment of the trial court dismissing Sloan's counterclaim for forfeiture and ejectment.

AFFIRMED IN PART, AND IN PART REVERSED.